PER CURIAM.
Indian Lake Estates, Inc., appellant here, brings this interlocutory appeal against Indian Lake Club and John H. Gray et ux., et al., appellees, to review an order of the chancellor below, dated December 18, 1961. We have already decided three related ca$es arising out of Indian Lake Estates, Inc., they being Fla.App., 154 So.2d 883, Fla.App., 154 So.2d 892 and Fla.App., 154 So.2d 892.
The appellees, plaintiffs below, in their complaint, prayed for various categories of relief. They sought to have appellant required to perform the covenants in the deeds therein mentioned, and to have appellant temporarily, and thereafter permanently enjoined from using the property therein described, and from interfering with access to certain property therein. They further sought to have appellant enjoined from interfering with the free use of the club house and golf course by members of the Indian Lake Club, and from attempting to charge the property owners a recreational facilities maintenance fee. And finally, appellees prayed that appellant be made to transfer to Indian Lake Club the ownership of the club house, golf course, and recreational facilities, and that a receiver be appointed to collect all future payments for general maintenance, etc.
Appellant filed a motion to dismiss the •complaint, or, in the alternative, to strike plaintiff, Indian Lake Club, as a party; a motion to dismiss the complaint of John H. Gray, et al.; and a motion for more definite statement, etc. The chancellor heard the various motions and entered his order, in part as follows:
“ORDERED AND DECREED that all of said Motions be and the same hereby are denied, and defendant be and it is hereby allowed twenty (20) days from the date of this Order within which to file and serve its answer to the Complaint.”
The appellees pray for certain categories of relief, but no testimony has been taken thereon. After the taking of testimony, the chancellor may determine what relief, if any, can be given.
Affirmed.
SHANNON, C. J., and SMITH and WHITE, TJ., concur.