PER CURIAM.
The parties to this case have been previously before this court on related matters, the decisions appearing in Indian Lake Estates, Inc. v. Special Investments, Inc., Fla.App.1963, 154 So.2d 883; Indian Lake Estates, Inc. v. Special Investments, Inc., Fla.App.1963, 154 So.2d 892; Special Investments, Inc. v. Indian Lake Estates, Inc., Fla.App.1963, 154 So.2d 892; and Indian Lake Estates, Inc. v. Indian Lake Club, Fla.App. 1963, 154 So.2d 893.
Since the filing of the instant case there has been presented here a “Suggestion of Bankruptcy of Appellee, Indian Lake Estates, Inc., and Motion for Order Substituting Trustee in Bankruptcy as Appellee.” The motion is granted. The trustee appointed by the United States District Court for the Middle District of Florida, Tampa Division, Ernest L. Stewart, is hereby made a party-appellee in lieu of Indian Lake Estates, Inc.
In this appeal the appellants are seeking to reverse that portion of the final decree in which the chancellor adjudged the appellants to be indebted to Indian Lake Estates, Inc. (hereinafter known as ILE), in the *21 sum of $33,353.99. In the decisions previously rendered this court held that certain transactions, by which installment sales contracts covering realty were transferred by ILE at a discount to joint venture groups, were actually sales and not loans. The accounting involved in this appeal concerned the right of ILE to collect from the various joint venture groups and their successors (appellants here), the annual maintenance fees with respect to each lot sold to the appellants by ILE. The contracts or deeds had certain covenants which will be apparent from a portion of the final decree, which reads, in part, as follows:
“I now turn to the matters relating to the maintenance fees. A question is raised regarding the obligation of Special Investments, Inc., Indian Lake Estates Trustee, Inc., and other property owners for the maintenance fee established in the amount of $20.00 per year for residential lots and $30.00 per year for commercial lots under the terms of the covenants of the various lot purchase contracts and deeds. Where the lots have been conveyed to private individuals there is no question of this obligation, but it appears that in connection with the financing agreements from time to time between the Defendant, Indian Lake Estates, Inc., the various joint ventures, and their successor, Special Investments, Inc., when contracts for the purchase and sale of the lots were sold and assigned and transferred unto the various groups that the lots covered by these contracts were conveyed to a corporation known as Indian Lake Estates Trustee, Inc., which held the lots subject to its contractual obligation to re-convey the same as and when the individual lot purchases were paid in full. Each of these conveyances to Indian Lake Estates, Inc., copies of which have been admitted into evidence as Indian Lake Estates Accounting Exhibits No. 2A through 2T, both inclusive, were specifically subject to those certain covenants set forth on the reverse side and which were incorporated in the deed by reference thereto. These were the same covenants included in the deeds and referred to in the contracts of purchase and sale to individual lot purchasers and one of the covenants provided :
“ ‘The purchaser covenants to pay to Indian Lake Estates, Inc., its nominees, successors or assigns on January 15th of each year the sum of $20.00 for each and every lot purchased to be used for general maintenance. This maintenance fee cannot be changed without written approval of the owners of the majority of the lots as shown on the recorded plats of Indian Lake Estates, Inc.’
“It is the contention of the Defendant, Indian Lake Estates, Inc., that Indian Lake Estates Trustee, Inc., is obligated to pay said maintenance fees from time of the conveyance to it of the properties, with credit for any of said sums collected by Indian Lake Estates, Inc., on the contract purchases. I find this contention to be correct. Maintenance funds are required and the amount due, in this accounting action, to Indian Lake Estates, Inc., upon contracts and conveyances held by Special Investments, Inc., or Indian Lake Estates Trustee, Inc., is the sum of $36,456.25 upon which I will allow a credit for the sums collected and improperly allocated to maintenance rather than to purchase prices in the amount of $3,10226, and for which they are entitled to reimbursement from the individual lot purchasers. I further find that such funds paid hereunto to Indian Lake Estates, Inc., and all maintenance fees hereafter collected by Indian Lake Estates, Inc., from lot purchasers or any of the parties to this suit are to be used solely for the purposes of maintenance of Indian Lake Estates and to be held by Indian Lake *22 Estates, Inc., in trust for such purposes. * ifc * ”
As stated in his order, the chancellor found, after considering all the testimony, that ILE was entitled to collect, and that the appellants were obligated to pay, an annual maintenance fee with respect to each lot owned by the appellants; and that the annual fee was $20.00 for each residential lot and $30.00 for each commercial lot. The appellants have not pointed out, nor do we find, any reason why the final decree of the chancellor should not be affirmed.
Affirmed.
SHANNON, Acting C. J., LILES, J., and DAYTON, ORVIL L., Jr., Associate Judge, concur.