PER CURIAM.
This is a consolidated appeal from a non-final temporary support order denying wife relief and a final judgment finding wife waived entitlements pursuant to the property settlement agreement incorporated into the dissolution proceeding.
The wife initially filed for divorce in 1986 and husband counterpetitioned. In March 1987, she received an injunction for domestic violence against husband. In April, the court issued a temporary relief order granting wife $1000 per month and granting husband exclusive use and possession of the marital residence. The order directed wife to vacate their home upon receipt of $1500 relocation expenses. In June 1987, the court declared the couple’s January 1987 property settlement agreement valid. In July 1987, both parties agreed to dismissal of wife’s original petition for dissolution and husband’s counterpetition. Husband then sold the marital home.
In January 1988, husband filed for dissolution of marriage. The next month, wife moved for temporary support and funds for attorney’s fees. Her motion and subsequent motion for rehearing were denied. Wife then appealed the denial of temporary support.
In June 1988, a dissolution hearing was held on both husband’s petition and wife’s counterpetition, which requested specific enforcement of the provisions of the property settlement agreement, breach of contract damages, and injunctive relief. The trial court viewed the matter as solely a contract action and the only issue for determination was applying the facts to the provisions of the agreement. The court held wife’s rights to temporary relief had already been litigated in the previous hearing and also denied wife any benefits pursuant to the provisions of the property settlement agreement.
Wife claims the trial court erred in failing to consider the parties’ financial positions outside the property settlement agreement in its denial of temporary support relief during both proceedings. This error was further compounded by the court’s misinterpretation and misapplication of the provisions of the property settlement agreement. We agree.
Although the law imposes no duty of support after marital dissolution, and a party may waive alimony or property rights, neither party can contract away the duty of support existing during the marriage. Belcher v. Belcher, 271 So.2d 7, 10-11 (Fla.1972). The court may consider the provisions of a contract addressed to temporary support, but only in conjunction with the conditions of need, ability to pay, and the parties’ standard of living at the time of the support hearing. Id. at 10.
Pursuant to Chapter 61, Florida Statutes, and Belcher, the trial court should have examined the issue of temporary support outside the agreement and recognized the contract action as only a part of the dissolution proceeding. Failure to do so was reversible error and on remand an evidentiary hearing is required.
We also find error in the trial court’s interpretation and application of the terms of the agreement. We agree with wife’s contention that compliance with the court’s order to vacate the marital home should not now preclude her from receiving benefits owed her under paragraph 25 of the settlement agreement, awarding such benefits unless she “abandons” or “deserts” the marital home. Wife was under court order to leave the home. She did not voluntarily leave and therefore did not “abandon” or “desert” within the meaning of the agreement. The trial court’s finding that wife waived her entitlements under this provision was erroneous.
Paragraph 22 of the agreement, which the trial court dubbed a “scrivener’s can of worms,” deals with wife’s entitlement to funds for an automobile. The amount of this award is conditioned upon wife’s conduct. The trial court failed to award wife any funds. Wife asserts the trial court’s action effectively eliminated the provision, improperly modifying the *549 agreement. We find this paragraph clearly allots some funds for wife and the trial court erred in not so finding.
Wife also contends, pursuant to paragraph 8 of the agreement, she is entitled to one-half the real estate commission paid upon the sale of the marital home. Because the trial court found wife “would be” entitled to $6,500 under this provision, but denied wife the amount, we reverse and remand as to this point and require that the trial court articulate reasons for denial of these monies to wife.
Paragraph 11 of the agreement states, “Husband shall ... buy or build at his discretion a new home ... [acquiring], at his expense, a reasonable amount of furniture....” The trial court appears to have interpreted this provision as allotting husband discretion whether to acquire a new home. However, the use of the verb “shall” dictates husband must acquire a new home upon sale of the old. He may use discretion as to the method. The pretrial stipulated facts show both parties intended wife share in one-half the equity in the new home. The new home was to be held in both parties’ names, whereas the old home was held solely in husband’s name. Wife was entitled to equity. Because the trial court had figures from which to determine wife’s equity in both the new home and the furniture purchased for it, the trial court’s finding that it lacked evidence to determine the amount of equity was erroneous.
The trial court also found husband “may be obligated” to wife for a $400 per month allowance under paragraph 6 of the agreement. However, relief was denied without further comment. Since the trial court has not shared its reasons for denying wife the accrued allowance, we direct the trial court, on remand, to specify why wife was denied these funds.
Lastly, wife contends the trial court erred in not granting her attorney’s fees and costs. Paragraph 15 of the agreement provides “the prevailing party shall be entitled” to such an award in an enforcement action. The trial court’s erroneous reliance on the terms of paragraph 23 to deny wife these monies is irrelevant. On remand, reconsideration on the other points will affect who is the “prevailing party.” Therefore, benefits pursuit to paragraph 15 cannot be allocated until that determination is made.
We affirm the dissolution of marriage but reverse and remand the final judgment for reconsideration, reassessment, and proceedings consistent with this opinion.
LETTS, WALDEN and POLEN, JJ., concur.