556 So.2d 520 (1990)
Carla Kay Livingston FECHTEL, Appellant,
v.
Reginald Albert FECHTEL, Appellee.
No. 88-1522.
District Court of Appeal of Florida, Fifth District.
February 8, 1990.
Neal D. Heubsch, P.A., Eustis, for appellant.
James F. Keedy and Hugh A. Davis, II, Leesburg, for appellee.
CONRAD, R.F., Associate Judge.
The appellant wife appeals a final judgment of dissolution of marriage wherein the trial court upheld an antenuptial agreement entered into by the husband and wife. Except as to the agreement's provisions on attorney's fees, we agree that the antenuptial agreement was valid.
For two months prior to marriage, the parties discussed various provisions for an antenuptial agreement. The agreement signed by the parties several hours prior to the marriage ceremony stated plainly and obviously that the husband's property was valued in excess of $339,000, while the wife's property was valued in excess of $1,000. One provision was that in the event of a dissolution of the marriage the husband would pay to the wife the sum of ten dollars as "full share for any rights to alimony, support, maintenance and attorney's fees, and any other claim which the wife may have against the husband." Although the wife proffered testimony at the final hearing as to the amount of her attorney's fees, such evidence was not admitted. The final judgment ordered the husband to pay ten dollars to the wife, and no attorney's fees were awarded.
We have carefully examined the record and conclude that the well-established requirements of Del Vecchio v. Del Vecchio, 143 So.2d 17 (Fla. 1962), have been met. Therefore, except as regarding attorney's fees, the appellant is bound by the terms of the antenuptial agreement.
A husband's spousal support obligation during coverture includes liability (as determined using the usual needs/ability to pay test) for his wife's pre-judgment attorney's fees and cannot be contracted away. Belcher v. Belcher, 271 So.2d 7 (Fla. 1972); Mulhern v. Mulhern, 446 So.2d 1124 (Fla. 4th DCA 1984), rev. denied, 455 So.2d 1033 (Fla. 1984); Urbanek v. Urbanek, 484 So.2d 597 (Fla.4th DCA 1986), cause dismissed, 491 So.2d 281 (Fla. 1986). See also Lindsay v. Lindsay, 163 So.2d 336 (Fla.3d DCA 1964), cert. denied, 170 So.2d 587 (Fla. 1964).
We reverse the trial court to the extent that the trial court held the waiver of attorney's fees to be valid and remand this cause for consideration of a proper motion for attorney's fees under section 61.16, Florida Statutes.
REVERSED and REMANDED.
DAUKSCH and GOSHORN, JJ., concur.