563 So.2d 1089 (1990)
William VEIGA, III, Appellant/Cross-Appellee,
v.
Teri Lynn VEIGA, Appellee/Cross-Appellant.
No. 89-1121.
District Court of Appeal of Florida, Fifth District.
May 31, 1990.
Rehearing Denied July 13, 1990.
*1090 Jason G. Reynolds of Coble, Barkin, Rothert, Gordon, Morris, Lewis & Reynolds, Daytona Beach, for appellant/cross-appellee.
Allison E. Folds of Watson, Folds, Steadham, Christmann, Brashear, Tovkach & Walker, Gainesville, for appellee/cross-appellant.
GRIFFIN, Judge.
This appeal is taken from a final judgment of dissolution of marriage. Timely motions for rehearing were filed, resulting in an order of the trial court denying the motions for rehearing "without prejudice to the matters being considered following the conclusion of pending [unrelated] litigation involving Eagle Flight Center, Inc., for which the court retains jurisdiction". The threshold issue is whether the court is presented with a final appealable judgment. We conclude that the judgment became final upon the court's express denial of the motion for rehearing and that the above-quoted language is ineffective to indefinitely hold the judgment in abeyance. Having determined jurisdiction exists, the judgment of the trial court is affirmed in all respects except for the refusal to award attorney's fees based on the prenuptial agreement. Florida law is clear that a husband's spousal support obligation during coverture includes liability (as determined using the usual need/ability to pay test) for a wife's prejudgment attorney's fees and cannot be contracted away in a prenuptial agreement. See, e.g., Fechtel v. Fechtel, 556 So.2d 520 (Fla. 5th DCA 1990). This cause is remanded for consideration of the merits of the wife's attorney's fees claim.
AFFIRMED in part; REVERSED in part and REMANDED.
DAUKSCH, J., concurs.
COWART, J., dissents without opinion.