GOSHORN, Judge.
The question in this case is whether it was error for the trial court to deny the wife’s motion for temporary attorney’s fees and suit money without considering her needs and her husband’s ability to provide for those needs. We hold that it was error, and reverse.
The parties entered into a property settlement agreement which provided, in part, that each party would bear his or her own attorney’s fees and costs until entry of the final judgment of dissolution. In his amended petition for dissolution, the husband sought to have the agreement incorporated into the final judgment. The wife answered and attacked the validity of the agreement on the grounds that it was obtained by fraud and overreaching, and moved for an award of temporary attorney’s fees and suit money. Following a hearing on her motion for temporary fees, the trial court denied the wife’s request, citing the fact that the wife had already received all that she was due under the agreement. The wife’s attorney then withdrew from the case with the trial court’s approval, and the wife filed this appeal pro se.
Even if the property settlement agreement is ultimately determined to be enforceable, the principle enunciated by the Florida Supreme Court in Belcher v. Belcher, 271 So.2d 7, 9 (Fla. 1972) is binding. The antenuptial agreement at issue in Belcher purported to contract away the husband’s future obligation to pay alimony, suit money and attorney’s fees during a separation prior to the final dissolution of the marriage. The court held:
However, we now hold further that before and pending dissolution of the marriage a husband’s obligation of support while still married continues under the historical principle supported by an unbroken line of cases since shortly after Florida became a state in 1845 which we decline to reverse, as would be necessary in order to accept the husband’s contention heree that his agreement extends as controlling to the period while his marriage continues. This provision of such an agreement is a factor to be considered but not the sole factor, nor conclusive, in a determination of support pendente lite. [Footnote omitted.]
See also Fechtel v. Fechtel, 556 So.2d 520 (Fla. 5th DCA 1990) (husband’s support obligation includes liability for wife’s prejudgment attorney’s fees and cannot be contracted away); Lang v. Lang, 551 So.2d 547 (Fla. 4th DCA 1989) (reversible error for trial court to fail to consider need and ability to pay in deciding temporary fee issue).
Because it is clear from the record that the wife is unable to provide for her own attorney’s fees and the husband has the ability to provide the funds for those fees, this cause is reversed and remanded with instructions to award the wife reasonable temporary attorney’s fees and suit money.
*919 REVERSED and REMANDED with instructions.
DAUKSCH and W. SHARP, JJ„ concur.