583 So.2d 776 (1991)
Betty Jean LAWHON, Appellant,
v.
Clarence L. LAWHON, Appellee.
No. 90-02937.
District Court of Appeal of Florida, Second District.
August 7, 1991.
Arthur C. Fulmer, Lakeland, for appellant.
Gerald W. Medeiros, Lakeland, for appellee.
PATTERSON, Judge.
On September 1, 1970, Clarence and Betty Jean Lawhon entered into an agreement entitled "Ante-Nuptial Agreement." The agreement acknowledged that the parties had been previously married, divorced on May 6, 1970, and were about to marry again. The stated purpose of the agreement was to "fix and determine ... the rights and claims that will accrue to each of them in the estate and property of the other by reason of the marriage."
Although the record before us is scant, we can conclude that the parties did remarry and that a subsequent dissolution of *777 marriage action was commenced, resulting in a final judgment wherein the trial court reserved jurisdiction to consider the wife's request for the payment of her attorney's fees.
On September 11, 1990, the trial court entered a postjudgment order which contains findings which would, under normal circumstances, require the husband to pay all or part of the wife's attorney's fees. However, without citing to any particular provision of the agreement, the trial court concluded that the agreement precluded an award of fees and denied the wife's application. We disagree and reverse.
It is well settled that a husband's obligation to provide spousal support during the term of the marriage includes responsibility for the payment of attorney's fees when the normal criteria for the award of such fees are met. This obligation cannot be waived or contracted away in an antenuptial agreement. Belcher v. Belcher, 271 So.2d 7 (Fla. 1972); Veiga v. Veiga, 563 So.2d 1089 (Fla. 5th DCA 1990); Fechtel v. Fechtel, 556 So.2d 520 (Fla. 5th DCA 1990); Urbanek v. Urbanck, 484 So.2d 597 (Fla. 4th DCA), appeal dismissed, 491 So.2d 281 (Fla. 1986). Confronted by this authority, the husband argues that the obligation of spousal support terminated on the date of the final judgment and, thus, attorney's fees applied for at final hearing or in a postjudgment proceeding fall into a separate category which the antenuptial agreement controls.[1] This argument puts form over substance. So long as the claim and award are limited to services rendered prior to the entry of judgment, the award can be made at the time of final hearing or in an appropriate postjudgment proceeding. Mulhern v. Mulhern, 446 So.2d 1124 (Fla. 4th DCA), review denied, 455 So.2d 1033 (Fla. 1984); Young v. Young, 322 So.2d 594 (Fla. 4th DCA 1975), cert. denied, 333 So.2d 466 (Fla. 1976). Therefore, it was error to deny the wife's application for attorney's fees based on the antenuptial agreement.
Reversed and remanded for further proceedings consistent with this opinion.
SCHEB, A.C.J., and CAMPBELL, J., concur.
NOTES
[1] The husband asserts that he does not contest an award of temporary attorney's fees made during the course of litigation.