620 So.2d 1293 (1993)
Irving B. APPELBAUM, Appellant/Cross-Appellee,
v.
Marlene Zweig APPELBAUM, Appellee/Cross-Appellant.
Irving B. APPELBAUM, Appellant,
v.
Marlene Zweig APPELBAUM, Appellee.
Nos. 91-1772, 91-1798, 91-3511.
District Court of Appeal of Florida, Fourth District.
June 16, 1993.
Rehearing Denied July 30, 1993.
*1294 John C. Mattimore of Cadwalader, Wickersham & Taft, and Philip Burlington, Edna L. Caruso, and Barbara J. Compiani of Edna L. Caruso, P.A., West Palm Beach, for appellant/cross-appellee.
Joel M. Weissman and Connie R. Stephens of Joel M. Weissman, P.A., West Palm Beach, for appellee/cross-appellant.
WARNER, Judge.
When the Appelbaums decided to marry, they entered into a prenuptial agreement to settle their respective rights to their comfortable estates in the event of their deaths or the dissolution of their marriage. After five years they decided to divorce, and in the final judgment of dissolution, the trial court attempted to give effect to the provisions of the agreement. Both sides appeal, and we affirm all awards except for the award of attorney's fees to the wife. We also sua sponte consolidate an appeal from a post judgment order granting temporary support pending appeal which we reverse.
The parties were married in 1985. This was the wife's third marriage and the second for the husband. Both parties were in their late 50's and had adult children from previous marriages. Each had a sizeable estate. In her brief the wife says her premarital estate approximated $500,000, while the husband's exceeded $1,000,000. In their financial affidavits filed in the court file the wife's net worth was established at $658,000 and the husband's at $822,000. While it is clear that at the time of the marriage the husband had more assets than the wife, the wife had real property, a trust established by her late former husband, certificate of deposit, and other assets. She was able to fund the purchase of the marital residence with $80,000 cash from her own assets.
At the final hearing, the court was faced with the task of interpreting the prenuptial agreement with respect to the acquisition of the marital residence as well as with respect to the distribution of certain other assets disposed of during the marriage. In addition, the court had to interpret the prenuptial agreement as to the responsibility of the husband to reimburse the wife for certain medical and household expenses. Upon careful review of the evidence and the agreement itself, we cannot say that the court erred in interpreting the contract as a whole and in the resulting distributions. See Critchlow v. Williamson, 450 So.2d 1153 (Fla. 4th DCA 1984).
The attorney's fees award is another matter. The trial court, impliedly recognizing that this was a case of fee-building, stated:
It is painfully apparent to this Court, after four days of testimony, that the primary reason this case dragged on for that length of time was the attempt by each party to establish either the right to attorney's fees as far as the wife was concerned or the denial of the payment of attorney's fees as far as the husband was concerned.
The prenuptial agreement provided that each party waived the right to attorney's fees and costs should there be an action for dissolution of marriage. The court acknowledged *1295 that but awarded the wife $58,000 in fees and over $20,000 in costs on the authority of this court's opinion in Mulhern v. Mulhern, 446 So.2d 1124 (Fla. 4th DCA 1984), which held that a denial of attorney's fees based solely on an agreement waiving fees was reversible error. Instead the trial court should adjudicate the issue under the usual criteria for such awards. Nevertheless, Mulhern did not stand for the proposition that in all cases an agreement waiving attorney's fees may be ignored. Indeed it relied upon Belcher v. Belcher, 271 So.2d 7 (Fla. 1972), in which our Supreme Court stated the rule with respect to agreements to waive fees prior to dissolution of marriage:
This [waiver of alimony, suit money, etc.] cannot be conclusively done for the period prior to dissolution. The contract provisions in this additional respect during the separation, are to be given consideration but are to be considered together with all other pertinent conditions of need [and] ability to pay... .
Id. at 10 (emphasis in original). Thus, the court must consider both the contract provisions and the question of need and ability to pay.
Here both parties entered this short term marriage with substantial assets. From the figures provided, the wife had at least $500,000, and the husband's net worth was $1,388,000. Given the wife's substantial assets, we see no impediment in enforcing a term of the agreement drafted by the wife's lawyer and negotiated between the parties. The wife had no "need" when she married the husband and has even less need now as her net worth with the addition of the awards by the trial judge amounts to $850,000. After satisfaction of the awards to the wife, the husband's net worth will actually be less than the wife's. It appears that he has a higher income than the wife, but the wife appears to have more liquid assets than the husband.
Under these circumstances we think it is an abuse of discretion to award attorney's fees to a wife who with substantial means (and whose means have only grown during the marriage) agreed prior to marriage not to seek fees and costs. This is particularly true when the trial court considered that a substantial portion of this case was litigated just to gain a fee award.
With respect to the award of post judgment temporary alimony pending appeal, we also reverse. The prenuptial agreement provided that no support payments would be required after entry of a final judgment. This term does not suggest that appellate finality is required, as the wife suggests. Furthermore, there was no appeal challenging the failure to award support, nor could there be given the prenuptial agreement waiver of support. We do not understand any rationale upon which this support right may be extended by an appeal directed to the property division elements of the dissolution.
Affirmed in part and reversed in part, and remanded to delete the award of attorney's fees and costs to the wife. The order for temporary support on appeal is reversed and remanded to the trial court with directions to deny the award and for further proceedings thereon should any amounts have been paid thereunder.
DELL and POLEN, JJ., concur.