654 So.2d 1240 (1995)
Bettie Lou Hargis BLANTON, Appellant,
v.
Zane C. BLANTON, Appellee.
No. 94-03070.
District Court of Appeal of Florida, Second District.
May 10, 1995.
Stevan T. Northcutt of Levine, Hirsch, Segall & Northcutt, P.A., Tampa, for appellant.
James A. Yancey of DeVane, Munson, Allen & Yancey, Lakeland, for appellee.
PATTERSON, Judge.
The wife appeals from a final judgment of dissolution of marriage which denies her equitable distribution, costs, and attorney's fees based on the provisions of an antenuptial agreement. The trial court found the agreement to be enforceable and the wife has not appealed that determination. Because the agreement is valid and enforceable, we are compelled to affirm the harsh result in this case with one exception, that being the issue of the wife's attorney's fees. The trial court refused to consider the issue of fees and costs based upon a waiver contained in the agreement, which was error. A husband's obligation to provide spousal support during the term of the marriage includes responsibility for the payment of attorney's fees and costs when the normal criteria for the award of such fees and costs are met. This obligation cannot be waived or contracted away in an antenuptial agreement. Lawhon v. Lawhon, 583 So.2d 776 (Fla. 2d DCA 1991).
We therefore reverse and remand for further proceedings in which the trial court shall determine the wife's entitlement to an award of attorney's fees and costs pursuant to section 61.16, Florida Statutes (1991).
CAMPBELL, A.C.J., and LAZZARA, J., concur.