W. SHARP, J.
Patricia Hartman, the former wife, appeals from a final judgment of dissolution of marriage. Her sole point on appeal is that the trial court erred in not awarding her all of her attorney’s fees established at the final hearing, rather than the “contribution” of $3,500 which the court awarded to her. Based on the parties’ gross discrepancy in assets and income, we agree and reverse.
This was a relatively simple case. It was an almost ten-year marriage. The parties had no children and few marital assets. Most of the parties’ disputes were resolved by mediation. Although initially there may have been some question as to the effectiveness of the parties’ prenuptial agreement, in mediation, both ultimately recognized its validity. Accordingly, the former wife was awarded $36,000 pursuant to the prenuptial agreement.
The agreement also provided that each party would pay his or her own attorney’s fees. However, counsel for both parties, as well as the trial judge, recognized that according to established precedent, temporary attorney’s fees and support and attorney’s fees up to the point of the dissolution judgment cannot be waived in a prenuptial agreement. See Belcher v. Belcher, 271 So.2d 7 (Fla.1972); Blanton v. Blanton, 654 So.2d 1240 (Fla. 2d DCA 1995); Veiga v. Veiga, 563 So.2d 1089 (Fla. 5th DCA 1990); Fechtel v. Fechtel, 556 So.2d 520 (Fla. 5th DCA 1990). On appeal, appellate counsel for both parties agree that Rosen v. Rosen, 696 So.2d 697 (Fla.1997) sets the guidelines for attorney’s fees in such cases.
In Rosen, the court said that need and ability to pay were the primary elements to be considered when deciding entitlement to attorney’s fees in chapter 61 proceedings. There is no dispute in this case as to the parties’ relative financial resources. The trial court found that the former wife had net income of $1,062 per month and her financial statement as well as her testimony at the hearing, established she had living expenses of twice that sum. Her net worth consisted solely of her home ($84,000) and $2,500 in bank accounts. She would be receiving $36,000 over time, pursuant to the prenuptial agreement. In contrast, Donald Hartman (the former husband) had a net income of $7,319 per month, and had net assets in excess of one million dollars (including liquid assets of $13,700 cash, $420,000 stocks and a $39,000 brokerage account).
The Rosen court required the party seeking attorney’s fees pursuant to a chapter 61 proceeding to establish reasonable hours and reasonable hourly rates. That was done in this case. The court found the wife’s attorney had a reasonable fee rate of $175 per hour and had spent 60.35 hours of time in connection with this litigation. Counsel for the former husband did not question the reasonableness of the time spent by the former wife’s counsel, except for approximately ten hours of travel time from Lake County, to Orange County, Florida.
It was explained at the final hearing that the former wife engaged her Lake County attorney because the former husband initially filed the suit in Lake County. After *431 the Lake County attorney commenced representing her, the former husband dismissed the suit and refiled it in Orange County. The former wife testified she was then living in North Carolina, and it was a toss up which would have been more expensive — for her to come back to Florida and retain an Orange County attorney — or keep her Lake County attorney, with whom she had established a good relationship. The trial judge made no finding that her actions were unreasonable and it appears to us they were justifiable under the circumstances. See Wright v. Wright, 577 So.2d 1355 (Fla. 1st DCA 1991).
Finally, in Rosen, the court said the trial court could take into consideration “other relevant circumstances,” in making a fee award:
[S]uch as the scope and history of the litigation, the duration of the litigation, the merits of the respective positions, whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall), and the existence and course of prior or pending litigation.
696 So.2d at 700.
The court made no reference to the conduct of the litigation in this case. Our examination of the record indicates no delay or harassment by the former wife or her attorney. Although the case took a bit long to get to the trial stage, there is no basis in this record to place the blame for that circumstance solely on the former wife and her attorney. In any event, no findings were made on this point by the trial court. In a proper case, that would be a good idea from the perspective of appellate review.
At the close of the final hearing, the court announced its ruling on attorney’s fees. It explained that it felt it would be unfair to require the former husband to pay all of the former wife’s attorney’s fees ( $10,551.25), because this was the former husband’s second marriage (he testified in his first divorce he had been hit with heavy attorney’s fees for the first wife), and because the marital assets were divided up. Neither consideration is relevant under Rosen. The trial judge also seemingly refused to consider the former husband’s far greater net worth, remarking he was fortunate enough to have independent assets. However, it is the existence of those independent assets that places the former husband in a vastly superior financial position, relative to the former wife, and which makes the trial court’s ruling an abuse of discretion. See Cervoni v. Cervoni, 715 So.2d 282, 283 (Fla. 3d DCA 1998); Johnson v. Johnson, 560 So.2d 1372 (Fla. 5th DCA 1990). Accordingly, we reverse and remand the fee award, for entry of an award of all the former wife’s attorney’s fees and costs.
REVERSED and REMANDED.
PLEUS, J., and JOHNSON, Jr., W.C., Associate Judge, concur.