855 So.2d 87 (2003)
Amy H. LASHKAJANI, Appellant,
v.
Hadi B. LASHKAJANI, Appellee.
No. 2D02-3427.
District Court of Appeal of Florida, Second District.
June 13, 2003.
*88 Raymond J. Rafool, II, of Rafool & Rafool, P.A., Winter Haven, for Appellant.
Robert L. Trohn and Callie N. Sandman of Gray Harris Robinson Lake Trohn, Lakeland, for Appellee.
STRINGER, Judge.
Amy H. Lashkajani, the Former Wife, seeks review of the trial court's order awarding Hadi B. Lashkajani, the Former Husband, attorney's fees after the dissolution of marriage. The Former Wife argues that the trial court erred in awarding the Former Husband attorney's fees incurred during the marriage under the parties' prenuptial agreement. Because the obligation to pay spousal support during the term of the marriage cannot be contracted away, we reverse.
On January 21, 2000, the Former Wife filed a petition for dissolution of marriage, temporary and permanent injunction, and complaint for money damages against the Former Husband. The Former Husband filed a response and counterpetition for dissolution of marriage seeking enforcement of the parties' prenuptial agreement. The court subsequently entered an order finding the prenuptial agreement valid and enforceable. Thereafter, the court entered a final judgment of dissolution of marriage, again enforcing the prenuptial agreement.
The trial court entered the order on review pursuant to (1) the Former Husband's second amended motion seeking reimbursement and recovery of attorney's *89 fees and costs pursuant to paragraphs eight and sixteen of the prenuptial agreement and other applicable law and (2) the Former Wife's motion for attorney's fees, costs, and suit money pursuant to section 61.16, Florida Statutes (2002). The fees and costs sought by the parties were those incurred during the parties' marriage.
The trial court granted both parties prejudgment attorney's fees and costs incurred during the challenge to the prenuptial agreement. The court also denied the Former Husband's request for reimbursement of temporary attorney's fees under paragraph eight of the prenuptial agreement and awarded the Former Wife attorney's fees otherwise incurred in the dissolution action to that point. The court based the Former Wife's attorney's fee award on section 61.16[1] and made the following findings: (1) the Former Wife was in need of attorney's fees, costs, and suit money; (2) the Former Husband's net worth was at least $12,000,000, and the Former Husband was twelve times as wealthy as the Former Wife; and (3) the Former Wife's challenge to the prenuptial agreement was not without merit. The court based the Former Husband's attorney's fee award on paragraph sixteen of the prenuptial agreement, which provided for prevailing party attorney's fees in actions seeking to enforce or prevent the breach of the prenuptial agreement. This appeal concerns only the Former Wife's challenge to the award of attorney's fees to the Former Husband.[2]
It is well settled in Florida that a spouse's obligation to provide spousal support during the marriage, including the responsibility for attorney's fees and costs, may not be contracted away by a prenuptial agreement. Belcher v. Belcher, 271 So.2d 7, 13 (Fla.1972); Fernandez v. Fernandez, 710 So.2d 223, 225 (Fla. 2d DCA 1998); Blanton v. Blanton, 654 So.2d 1240, 1240 (Fla. 2d DCA 1995); Lawhon v. Lawhon, 583 So.2d 776, 777 (Fla. 2d DCA 1991). Thus, a provision of a prenuptial agreement purporting to waive the spouse's obligation to pay attorney's fees and costs incurred during the marriage is unenforceable. Id. In determining entitlement to prejudgment attorney's fees, the court may consider the prenuptial agreement, but only in conjunction with the factors articulated in section 61.16 to the extent that the agreement bears on those factors. Belcher, 271 So.2d at 10; Appelbaum v. Appelbaum, 620 So.2d 1293, 1295 (Fla. 4th DCA 1993); Mulhern v. Mulhern, 446 So.2d 1124, 1125 (Fla. 4th DCA 1984).
The Former Husband claimed entitlement to attorney's fees under paragraph sixteen of the prenuptial agreement, which provided for prevailing party attorney's fees in actions seeking to enforce or prevent the breach of the prenuptial agreement. Because this provision purported to waive the Former Husband's obligation to pay attorney's fees and costs incurred during the marriage, it is unenforceable. Accordingly, the trial court erred in awarding *90 the Former Husband prejudgment attorney's fees under the prenuptial agreement.
The Former Husband concedes that he is not entitled to attorney's fees under the prenuptial agreement, but argues that the trial court properly awarded attorney's fees by considering the prenuptial agreement in conjunction with the factors articulated in section 61.16. This argument is refuted by the plain language of the order indicating that "[u]nder the prenuptial agreement, the former husband is entitled to reasonable attorney fees to successfully enforce the agreement." The order also states, "This court knows of no reason why the former wife's contractual obligation to pay the prevailing party's attorney's fees in the prenuptial enforcement [sic] should be set aside. Accordingly, the former wife owes to the former husband the reasonable attorney's fees and costs involved in his defense of the parties' prenuptial agreement." The order does not reference section 61.16 in connection to the Former Husband's award of attorney's fees.
Furthermore, the trial court's finding that the Former Wife is entitled to attorney's fees under section 61.16 necessarily precludes an award to the Former Husband based on the same factors. The trial court concluded that the Former Wife had a need for attorney's fees and the Former Husband, who was twelve times as wealthy as the Former Wife, had the ability to pay. The court also concluded that the Former Wife's challenge to the prenuptial agreement was not without merit.
The Former Husband's alternative argument on appeal is that the supreme court has effectively overruled Belcher and its progeny in Casto v. Casto, 508 So.2d 330 (Fla.1987). However, this court has expressly rejected that argument in Fernandez, 710 So.2d at 225. In Fernandez, we also recognized "that perceptions have changed since Belcher was decided that may require a review of existing legal principles" and certified a question as one of great public importance. Id. Because it does not appear that the parties in Fernandez pursued review in the supreme court, we certify the following question as one of great public importance:
MAY THE PARTIES, BY EXPRESS PROVISION IN A PRENUPTIAL AGREEMENT, CONTRACT AWAY A FUTURE OBLIGATION TO PAY ATTORNEY'S FEES AND COSTS DURING THE TERM OF THE MARRIAGE BY PROVIDING FOR PREVAILING PARTY ATTORNEY'S FEES IN ACTIONS SEEKING TO ENFORCE OR PREVENT THE BREACH OF THE PRENUPTIAL AGREEMENT?
Reversed and remanded.
NORTHCUTT and KELLY, JJ., Concur.
NOTES
[1] Section 61.16, Florida Statutes (2002), provides that the primary consideration in awarding attorney's fees in dissolution proceedings is the parties' need and ability to pay. The court may also consider the history, scope, and duration of the litigation; the merits of the parties' arguments; whether the litigation is brought or maintained for the primary purpose of harassing the opposing party; and the course and existence of any prior or pending litigation. Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997).
[2] Both parties filed notices appealing the order awarding attorney's fees, but the Former Husband has voluntarily dismissed his appeal and is now only defending the issue raised by the Former Wife.