898 So.2d 145 (2005)
Richard C. SILVER, Appellant,
v.
Joan SILVER, Appellee.
No. 4D03-2951.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
*146 Richard C. Silver, Wellington, pro se.
Curtis L. Witters of Glickman, Witters and Marell, P.A., West Palm Beach, for appellee.
PER CURIAM.
Appellant/former husband, Richard Silver, raises four points in his appeal and appellee/former wife, Joan Silver, raises one point in her cross-appeal of the Final Judgment of Dissolution. We find merit in one of the former husband's issues on appeal and affirm as to the others. We also find merit in the former wife's cross-appeal.
The former husband argues that before calculating child support, the trial court did not deduct from his gross income the alimony obligation payable to the former wife as required by section 61.30(3)(g), Florida Statutes (2002).[1] That section provides that one of the deductions from gross income shall include "[s]pousal support paid pursuant to a court order from a previous marriage or the marriage before the court." Therefore, it is necessary for the trial court to recalculate the amount of child support based upon each parent's net income. In order to determine net income, the former husband is entitled to exclude the amount of his alimony obligation from his gross income. See Weiser v. Weiser, 782 So.2d 986 (Fla. 4th DCA 2001).
In her cross-appeal, the former wife asserts that the trial court abused its discretion in denying her request for attorney's fees. The trial court determined that pursuant to the parties' antenuptial agreement, the parties were responsible for their own respective attorney's fees.[2] *147 The former wife now argues that an antenuptial agreement cannot waive all attorney's fees and the court must consider both the agreement and the financial resources of both parties as required by section 61.16, Florida Statutes (2002).
In Appelbaum v. Appelbaum, 620 So.2d 1293 (Fla. 4th DCA 1993), this court held, in a case determining whether to award attorney's fees to a spouse in a dissolution action involving a waiver of attorney's fees in an antenuptial agreement, that:
This [waiver of alimony, suit money, etc.] cannot be conclusively done for the period prior to dissolution. The contract provisions in this additional respect during the separation, are to be given consideration but are to be considered together with all other pertinent conditions of need [and] ability to pay. . . .
Thus, the court must consider both the contract provisions and the question of need and ability to pay.
Id. (quoting Belcher v. Belcher, 271 So.2d 7, 10 (Fla.1972)(emphasis in original)).
Therefore, we reverse the denial of the former wife's request for attorney's fees and remand for consideration of the former wife's request consistent with this opinion. We also remand for recalculation of the child support to be paid by the former husband. We affirm the final judgment in all other respects.
REVERSED AND REMANDED.
WARNER, POLEN and HAZOURI, JJ., concur.
NOTES
[1] The trial court properly included the alimony as income to the former wife as required in section 61.30(2)(a)9. Florida Statutes (2002).
[2] In the final judgment, the trial court awarded the former wife all of the temporary attorney's fees she incurred in pursuing and obtaining temporary relief due to the former husband's breach of his pre-petition financial obligations under the antenuptial agreement.