993 So.2d 562 (2008)
Beatrice Murray Cayzer LORD, Appellant,
v.
Raymond W. LORD, Appellee.
No. 4D08-1448.
District Court of Appeal of Florida, Fourth District.
October 22, 2008.
*563 Peter Ticktin and Jamie Sasson of The Ticktin Law Group, P.A., Coconut Creek, for appellant.
Jeffrey Hap of Jeffrey Hap, P.A., Jupiter, for appellee.
MAY, J.
Florida's long-standing policy against a spouse's pre-dissolution waiver of rights is challenged in this appeal. A wife appeals an award of temporary attorney's fees to the husband. She argues that provisions of an antenuptial agreement prevent the trial court's award of attorney's fees. We disagree and affirm.
The parties entered into an antenuptial agreement two days before their wedding. The agreement required the wife to pay the husband lump-sum alimony of $500,000 upon a final judgment of divorce. With regard to attorney's fees, the agreement provided:
16. ATTORNEYS' FEE.
a. In the event of any separation, dissolution, or divorce proceedings, each party will pay his or her own attorneys' fees and costs.
b. Should any party retain counsel for the purpose of enforcing or preventing the breach of any provision, including, but not limited to, any action for enforcement or damages by reason of any alleged breach of this agreement, ... or any other judicial remedy, the prevailing party will be entitled to be reimbursed by the losing party for all reasonable costs and expenses incurred, including, but not limited to, reasonable attorneys' fees and costs for the services rendered to the prevailing party.
Not long after the wedding, the wife filed for dissolution of the marriage or alternatively an annulment. The only asset distribution issue was the husband's claim for alimony under the antenuptial agreement. The wife claimed that the agreement was entered into under coercion and overreaching.
*564 The wife is 82 years of age, has a net worth of $3.9 million, and a net monthly income of $20,000. The husband is 77 years of age, has a net worth of $100,000, and a net monthly income of $3,670. The trial court found the husband needed the fees and the wife had the ability to pay, pursuant to Nichols v. Nichols, 519 So.2d 620 (Fla.1988). The trial court granted the husband's motion for temporary attorney's fees and costs and ordered the wife to pay $17,500 in reimbursement of fees already incurred as well as future fees. It is from this order that the wife appeals.
We review trial court orders on attorney's fees for an abuse of discretion. Canakaris v. Canakaris, 382 So.2d 1197, 1202-03 (Fla.1980). A trial court has broad discretion in determining attorney's fees and costs in a dissolution proceeding. Rosen v. Rosen, 696 So.2d 697, 699-701 (Fla.1997).
The wife's argument is two-fold. First, she argues that the husband waived the right to claim fees by failing to raise the issue of temporary attorney's fees for the annulment at the March 6, 2008 hearing. Second, the wife argues that the Florida Supreme Court's decision in Lashkajani v. Lashkajani, 911 So.2d 1154, 1158 (Fla. 2005) allows for the enforcement of the antenuptial agreement to preclude such an award. We find neither argument persuasive.
While the husband did not specifically request fees at the March 6, 2008, hearing, he did offer evidence of an estimated trial budget, which included his litigation costs for the annulment and the dispute over the enforcement of the antenuptial agreement. This was sufficient to preserve the issue.
The substantive issue raised by the wife concerns Florida's long-standing policy of not enforcing agreements that purport to waive pre-dissolution support and attorney's fees. The wife argues that Lashkajani allows the trial court to enforce both attorney's fees provisions found in the antenuptial agreement, one which requires each party to bear its own attorney's fees; and two, the prevailing party provision regarding litigation over the agreement itself. While Lashkajani acknowledged the enforceability of a prevailing party attorney's fees provision in a prenuptial agreement, it did not erode Florida's policy against enforcement of agreements waiving pre-dissolution support.
In Lashkajani, the parties executed a valid prenuptial agreement which contained a prevailing party attorney's fees and costs paragraph nearly identical to the one in this case. In the dissolution proceeding, the trial court awarded the husband reasonable fees in defense of the prenuptial agreement. The court also awarded the wife attorney's fees and costs, pursuant to section 61.16, Florida Statutes (2001).
The wife appealed and claimed that the prevailing party attorney's fees provision was not enforceable because it contracted away her right to pre-dissolution spousal support. The Second District agreed and found the prevailing party attorney's fees provision unenforceable under Belcher v. Belcher, 271 So.2d 7 (Fla.1972). Lashkajani v. Lashkajani, 855 So.2d 87, 89-90 (Fla. 2d DCA 2003). It certified a question of great public importance, which the Florida Supreme Court summarized as follows: "[W]hether prevailing party attorney's fee provisions in [prenuptial] agreements, concerning litigation over the validity of the agreements themselves, are enforceable." Lashkajani, 911 So.2d at 1158.
The Supreme Court of Florida answered the question affirmatively, holding "that *565 prenuptial agreement provisions awarding attorney's fees and costs to the prevailing party in litigation regarding the validity and enforceability of a prenuptial agreement are enforceable." Id. at 1160. In reaching this conclusion, however, the court carefully avoided any erosion of Florida's policy disfavoring any waiver of pre-dissolution support. "Specifically, we need not, and do not, decide today whether provisions in a prenuptial agreement concerning pre-dissolution support may be enforced." Id. at 1158. Thus, Florida's long-standing policy against enforcing waivers of pre-dissolution support remains intact.
Here, there are two attorney's fees provisions in the antenuptial agreement. The husband sought, and the trial court awarded, temporary attorney's fees to defend the dissolution or annulment of his marriage and the enforcement of the antenuptial agreement. While the court may ultimately enforce the prevailing party attorney's fees provision concerning the litigation over the enforceability of the antenuptial agreement under Lashkajani, at this point there is no prevailing party. And, while the first section of the attorney's fees provision requires each party to pay his or her own attorneys' fees and costs, that provision cannot be enforced because it violates Florida's long-standing policy against waiver of pre-dissolution support. See Belcher v. Belcher, 271 So.2d 7 (Fla.1972).
In the temporary setting prior to dissolution, section 61.16's need and ability to pay test continues to apply. Rosen v. Rosen, 696 So.2d 697, 699-701 (Fla. 1997). The wife filed for dissolution of marriage or annulment. She sought to sever the antenuptial agreement's alimony provision based on theories of coercion and overreaching. The husband retained counsel for the purposes of defending against the wife's claims and sought to enforce the agreement's alimony provision. The trial court found that the husband had a need and the wife had the ability to pay. Therefore, the trial court did not abuse its discretion in awarding temporary attorney's fees.
Affirmed.
TAYLOR and HAZOURI, JJ., concur.