WARNER, J.
The wife, Lisa Khan, appeals a non-final order striking a notice of hearing on her motion for an increase in temporary alimony and attorney’s fees and costs. The trial court based its ruling on a Marital Settlement Agreement in which the parties had agreed to pay their own attorney’s fees in any dissolution proceeding. As the order has the effect of denying temporary support and attorney’s fees to the wife in the pending litigation, we have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(iii). We reverse, because an agreement of the parties that waives or limits the right to request temporary support and attorney’s fees to a spouse in need in a pending dissolution action is a violation of public policy. See Belcher v. Belcher, 271 So.2d 7 (Fla.1972).
The parties were married to each other in January 1991. In 1998, they separated, and marital dissolution proceedings were commenced. During those dissolution proceedings, the parties entered into a Marital Settlement Agreement (MSA). In 2000, however, the parties reconciled, and the proceeding was dismissed. The MSA was never approved by the court.
The agreement provided for alimony to the wife in the amount of $6,500 per month for 48 months and included, among its detailed terms: (1) an acknowledgment that both parties were represented by counsel and fully informed of their rights and obligations; (2) a provision that reconciliation would not invalidate the MSA; and (3) a provision that the MSA would not bar a subsequent action for dissolution. Several provisions addressed attorney’s fees. These included:
*101 (d) Notwithstanding the foregoing, in the event either party must resort to a Court of competent jurisdiction for either enforcement or interpretation of this agreement, then and in that event, the prevailing party shall be entitled to recoup any and all costs incurred including reasonable attorney’s fees.
[[Image here]]
Nothing contained in this Agreement shall be construed to bar or prevent either party from instituting an action or proceeding to terminate the marriage in any competent jurisdiction because of the past, present or future fault on the other’s part or upon any ground now or hereafter existing. In the event of any such action, however, each party shall be solely responsible for their respective counsel fees, if any.
In 2009, nine years after the dismissal of the first dissolution action, the wife filed the present dissolution action. The wife’s petition sought alimony, child support, equitable distribution, and attorney’s fees and costs. The wife’s petition did not mention the 1999 MSA. In the husband’s answer and counter-petition for dissolution, the husband also did not mention the MSA, but denied that the wife should be awarded alimony or attorney’s fees and costs.
The wife filed a motion for temporary alimony and attorney’s fees. She requested temporary alimony of $6,000 per month and a temporary award of $15,000 in attorney’s fees and costs. The wife also filed a projected litigation budget, estimating that she needed approximately $147,000 in fees and costs to litigate the case. The husband stipulated to an award of $15,000 in temporary fees and costs, as well as $4,914 per month in temporary alimony. The $4,914 monthly figure represented the $6,000 that the wife requested, less credit for health insurance and automobile expenses that the husband was required to pay. The trial court entered an order on the stipulation.
Subsequently, the wife filed a Motion for Increase in Temporary Alimony and Additional Attorney’s Fees and Costs. After a change in counsel and an amended motion, the wife noticed the latter motion for hearing. Before the hearing on the wife’s motion for an increase in temporary support and attorney’s fees, the husband filed a Motion to Amend Answer and Counter-Petition. In the proposed Amended Answer, the husband for the first time raised the 1999 MSA as a defense to the wife’s claims for equitable distribution, alimony, and attorney’s fees and costs. Relying on the agreement, the husband also filed a Motion to Strike Notice of Hearing on Wife’s Motion for Increase in Temporary Alimony and for Additional Attorney’s Fees. In the husband’s motion to strike, he argued that the alimony provision of the MSA was non-modifiable and that the MSA specifically stated that the parties agreed to pay for their own legal fees in connection with any divorce proceedings between them. Citing the prevailing party fee provision in the MSA, the husband also requested that his attorney’s fees and costs in bringing the motion be taxed against the wife.
The trial court entered an agreed order granting the husband’s motion to amend. It then entered an order granting the husband’s motion to strike the hearing on additional temporary alimony and attorney’s fees. As grounds for the relief, the court’s order stated that the relief was granted “based exclusively upon the language contained in the parties’ Marital Settlement Agreement executed on January 11, 1999: the Wife’s Notice of Hearing on Wife’s Motion for Increase in Temporary Alimony and for Additional Attor *102 ney’s Fees and Costs is hereby stricken.” From that order the wife filed this appeal.
This appeal is controlled by Belcher v. Belcher, 271 So.2d 7 (Fla.1972), which states the governing law with respect to agreements including limitations or waiver of temporary support and attorney’s fees in dissolution actions. In Belcher, the court considered “whether or not by express provision in an antenuptial agreement the husband can, by the payment of a present, fixed consideration, contract away his future obligation to pay alimony, suit money and attorney’s fees during a separation prior to dissolution of the marriage.” Id. at 9. Answering that question in the negative, the court held
that before and pending dissolution of the marriage a husband’s obligation of support while still married continues under the historical principle supported by an unbroken line of cases since shortly after Florida became a state in 1845 which we decline to reverse, as would be necessary in order to accept the husband’s contention here that his agreement extends as controlling to the period while his marriage continues. This provision of such an agreement is a factor to be considered but not the sole factor, nor conclusive, in a determination of support pendente lite.
Id. (emphasis in original) (footnote omitted). The court reasoned that because the husband had the duty to support the wife during the marriage, the state was an interested party and the obligation of the husband could not be waived.[1] As noted in Lashkajani v. Lashkajani, 911 So.2d 1154, 1157 (Fla.2005), “the evolution in Florida law approving prenuptial agreements concerning posi-dissolution support has so far not extended to provisions waiving the right to recover pre-judgment support such as temporary alimony. In fact, in the more than thirty years since Belcher, Florida courts consistently have rejected attempts to waive prejudgment support.” (citations omitted). “The evolution in our law, therefore, has been toward greater freedom of contract regarding posi-dissolution spousal support, while recognizing the continuing obligations of support before the marriage is dissolved.” Id. at 1158.
Thus, with respect to the striking of the motion for temporary support, the trial court erred in concluding that the wife’s right to request alimony pendente lite was precluded by the MSA. Lashkajani makes clear that public policy prevents a spouse from contracting away his or her obligation of support during the marriage.
We likewise conclude that based upon Belcher and Lashkajani the court also erred in striking the motion for attorney’s fees. The holding in Belcher applied to attorney’s fees prior to dissolution as well as temporary support. Mulhern v. Mulhern, 446 So.2d 1124, 1125 (Fla. 4th DCA 1984). Lashkajani has recognized, however, that a provision in a prenuptial agreement providing for prevailing party attorney’s fees in litigation regarding the validity or enforceability of the agreement is enforceable. 911 So.2d at 1158-59. As the supreme court itself explained, its holding was narrow and did not reach the question of whether an agreement’s limitations on pre-dissolution support may likewise be enforced.
Lashkajani does not address the question of whether the trial court may order temporary attorney’s fees in spite of the agreement’s prevailing party provision. In fact, in Lashkajani the trial court made an award of temporary attorney’s fees to the wife. See Lashkajani v. Lashkajani, 855 *103 So.2d 87 (Fla. 2d DCA 2003). The parties then litigated the enforceability of the premarital agreement, and the husband prevailed. Both parties moved for an award of attorney’s fees, and the husband moved for reimbursement of the temporary attorney’s fees that he had paid. The trial court granted both parties’ requests for attorney’s fees, the wife’s based upon section 61.16 and the husband’s based upon the prevailing party attorney’s fee provision of the agreement. It denied the husband’s request for reimbursement of the temporary attorney’s fees. Both parties appealed the various awards, but the husband dismissed his appeal. Therefore, the only question presented to the appellate court and the supreme court was the wife’s claim that the husband was not entitled to prevailing party attorney’s fees pursuant to the premarital agreement. Id. at 90. Neither the appellate court nor the supreme court addressed the issue of whether the husband was required to pay temporary attorney’s fees based upon Belcher or whether he was entitled to reimbursement of fees already paid.
“Florida’s long-standing policy against enforcing waivers of pre-dissolution support remains intact.” Lord v. Lord, 993 So.2d 562, 565 (Fla. 4th DCA 2008). In Lord, which contained similar attorney’s fees provisions as found in the agreement in this case, Judge May explained:
Here, there are two attorney’s fees provisions in the antenuptial agreement. The husband sought, and the trial court awarded, temporary attorney’s fees to defend the dissolution or annulment of his marriage and the enforcement of the antenuptial agreement. While the court may ultimately enforce the prevailing party attorney’s fees provision concerning the litigation over the enforceability of the antenuptial agreement under Lashkajani, at this point there is no prevailing party. And, while the first section of the attorney’s fees provision requires each party to pay his or her own attorneys’ fees and costs, that provision cannot be enforced because it violates Florida’s long-standing policy against waiver of pre-dissolution support. See Belcher v. Belcher, 271 So.2d 7 (Fla.1972).
Id. This long-standing policy draws no distinction between prenuptial and postnup-tial agreements. See Trowbridge v. Trowbridge, 674 So.2d 928, 930 (Fla. 4th DCA 1996) (noting that the law is well-established that notwithstanding a prenuptial or postnuptial agreement to the contrary, a spouse may be entitled to attorney’s fees while the parties remain married).
The husband, however, maintains that this is not a prenuptial or postnuptial agreement but a marital settlement agreement, entered into during the parties’ first dissolution of marriage proceedings. He relies on Kuchera v. Kuchera, 983 So.2d 776 (Fla. 4th DCA 2008), to draw this distinction. Kuchera involved a marital settlement agreement which, like the one in this case, was executed in prior dissolution proceedings between the parties. Both sides were represented by counsel when the MSA was executed. Even though they did not divorce, they obtained a court order incorporating the MSA. They then reconciled. When the parties started divorce proceedings ten years later, the husband challenged the MSA as unfair and unconscionable, and the trial court agreed, refusing to enforce it. On appeal from the final judgment of dissolution, we held that the MSA was enforceable and could not be challenged for fairness, where each party had been represented by chosen counsel and given an opportunity to learn the financial resources of the other through litigation discovery. Id. at 780.
While the husband in this case relies on Kuchera, pointing out that in that case the *104 marital settlement agreement “included an express provision making each of [the parties] responsible for one’s own attorney’s fees,” Id. at 779, Kuchera did not address the question here — namely, whether such a fee provision could be enforced against a spouse seeking temporary pre-dissolution fees. Therefore, Kuchera is not on point.
We must continue to follow Bel-cher, which holds that pending dissolution of marriage, public policy and the statutory obligation of support permits the award of temporary attorney’s fees to a spouse even where an agreement provides that the parties will each pay their own attorney’s fees or that the prevailing party is entitled to fees in any litigation over the validity of the agreement. 271 So.2d at 9.
Of course, the trial court may consider the provisions of the MSA as a factor in determining both the issue of support and attorney’s fees. It could also manage these proceedings so as to minimize the fees until the MSA validity has been decided. In particular, it would seem to us that litigating the preliminary question of enforceability of the MSA prior to substantial discovery and litigation regarding the normal issues in dissolution would significantly reduce the size of any temporary award. We do not decide whether the husband could seek reimbursement of any award of temporary attorney’s fees or support if he were to be successful in enforcing the MSA with its provision for prevailing party attorney’s fees, as that issue is not before us.
For the foregoing reasons, we reverse and remand for proceedings consistent with this opinion.
POLEN and GERBER, JJ., concur.

. Since Belcher, both section 61.09, Florida Statutes, and the case law interpreting it have been revised to be gender neutral. Lashkajani v. Lashkajani, 911 So.2d 1154, 1157 n. 2 (Fla.2005).