ALTENBERND, Judge.
Arnaldo Pelaez appeals an order requiring him to pay Roy W. Persons more than $28,-000.00 in attorneys’ fees pursuant to section 45.061, Florida Statutes (1987). We hold *1023 that the trial court erred in awarding attorneys’ fees in excess of $7,200.00. Accordingly, we reverse and remand with instructions that the trial court enter judgment in that amount, with interest from June 8, 1994.
Mr. Pelaez entered into a contract to perform certain home repairs for Mr. Persons in June 1983. The repairs were not properly performed. As a result, Mr. Persons filed this lawsuit in 1986. Pursuant to section 45.061, Mr. Persons offered to accept a judgment of $10,000.00 to settle this case in August 1988. Mr. Pelaez rejected this offer. On February 10,1989, the trial court entered a judgment for $11,297.75.
The judgment purported to reserve jurisdiction to award not only costs and fees, but also prejudgment interest. Prejudgment interest is an element of damages for a breach of contract. It is arguable that the reservation of jurisdiction to determine this issue made the judgment nonfinal and nonappealable. Nevertheless, Mr. Pelaez appealed the judgment, and Mr. Persons did not move to dismiss the appeal on this basis. This court affirmed the judgment without written opinion on May 23, 1990. Pelaez v. Persons, 564 So.2d 1094 (Fla. 2d DCA 1990). While the case was pending on a motion for rehearing, Mr. Persons unsuccessfully moved for attorneys’ fees in this court on a basis other than section 45.061. Mr. Persons never filed a motion for attorneys’ fees pursuant to section 45.061 in this court during the first appeal.
Following the first appeal, the trial court entered an order described as an amended final judgment on August 1,1990, and another order entitled “Second Amended Final Judgment Nunc Pro Tunc” on November 27, 1990. These two orders increased the initial judgment from $11,297.75 to $15,881.61. A significant portion of this increase resulted from a calculation of “prejudgment interest.” The trial court’s calculation began prejudgment interest on October 4, 1988. The record does not disclose why the trial court selected this late date. Mr. Persons’ attorney suggested at oral argument that this date was selected in error. The trial court also calculated “prejudgment” interest through November 27, 1990, the date of the second amended final judgment. Thus, this order describes more than eighteen months of post-judgment interest as prejudgment interest.[1] Despite these probable errors, neither party appealed these final judgments.
In November 1991, the trial court finally resolved Mr. Persons’ motion for attorneys’ fees under section 45.061, which had been filed on February 27, 1989, prior to the first appeal. It denied the fees because it concluded that the judgment needed to be at least 25% greater than the offer without inclusion of prejudgment interest. Mr. Persons appealed that order.
In the second appeal, this court reversed, holding that prejudgment interest should be included in the judgment when the trial court decides whether the judgment exceeds the offer by 25%. Persons v. Pelaez, 613 So.2d 509 (Fla. 2d DCA 1993). Except for one sentence in the middle of an argument, Mr. Pelaez’s answer brief in the second appeal never pointed out that most of the prejudgment interest described in the second final judgment is actually postjudgment interest. Our opinion announced that the interest is prejudgment interest. Mr. Persons did not move for attorneys’ fees in the second appeal on any basis.
Thus, the parties returned to the trial court with an opinion holding that the judgment exceeded the offer by 25%, which was not correct if the prejudgment interest was calculated from October 4,1988, to February 10,1989. At the same time, it appears possible that prejudgment interest should have been calculated from an earlier date. At this point, we do not know as a matter of fact whether a proper judgment would have exceeded the offer by 25%, but the law of the case establishes that it did.[2]
*1024 The trial court awarded Mr. Persons attorneys’ fees in excess of $28,000.00 for the trial, both appeals, and for those aspects of the trial court litigation that determined both an entitlement to fees and the amount of the fees. We agree that the law of the case entitles Mr. Persons to recover attorneys’ fees from Mr. Pelaez for work performed in the trial court from the offer until the first appeal. Thus, we affirm the trial court’s award of $7,200.00 for that period.
We conclude that Mr. Persons is not entitled to fees after that point under section 45.061. First, the Fourth District interpreted this short-lived statute as measuring the sanction only by the fees incurred prior to final judgment. Hemmerle v. Bramalea, Inc., 547 So.2d 203 (Fla. 4th DCA 1989). Second, Mr. Persons never obtained an order from this court authorizing the trial court to award appellate attorneys’ fees. See Fla.R.App.P. 9.400; Real Estate Apartments, Ltd. v. Bayshore Garden Apartments, Ltd., 530 So.2d 977 (Fla. 2d DCA 1988). Third, a significant portion of the fees incurred in the trial court during the resolution of the motion for attorneys’ fees related to efforts expended after the trial court determined that Mr. Persons was entitled to fees. Generally, one is not entitled to attorneys’ fees for effort spent establishing the amount of an award of attorneys’ fees. State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830 (Fla. 1993). We have considered whether another remand would be appropriate for an award of fees for the effort spent determining the entitlement to fees. Suffice it to say that the law of the case requires an award of trial attorneys’ fees but does not compel an award of a greater amount.
Affirmed in part, reversed in part, and remanded for entry of judgment for attorneys’ fees in the amount of $7,200.00.
FRANK, A.C.J., and QUINCE, J., concur.

. We note that the trial judge currently assigned to this case did not participate in these rulings. They were resolved by a judge who is now retired.

. We note that section 45.061 does not apply to causes of action accruing after October 1, 1990. Accordingly, we are optimistic that this case, with its unusual facts and procedural irregularities, will have little, if any, precedential value.