718 So.2d 274 (1998)
NATIONAL PORTLAND CEMENT COMPANY, a Florida Corporation, Appellant/Cross-Appellee,
v.
Federico A. GOUDIE, Appellee/Cross-Appellant.
No. 97-03887.
District Court of Appeal of Florida, Second District.
September 9, 1998.
*275 Norman Davis of Law Offices of Steel Hector & Davis LLP, Miami, for Appellant/Cross-Appellee.
Carol A. Masio of Law Offices of McGuire, Pratt, Masio & Farrance, P.A., Bradenton, for Appellee/Cross-Appellant.
PATTERSON, Acting Chief Judge.
In this litigation for wrongful termination between National Portland Cement Company (NPC) and its former president, Federico Goudie, Goudie was awarded attorney's fees. We affirm the award of attorney's fees with the exception of the portion awarded for time spent in establishing the amount of fees.
Goudie brought a three-count action. At trial, the trial court granted NPC's motion for directed verdict as to two of the counts. The trial court submitted the third count, based on an incentive fee contract and NPC's counterclaim for tortious conduct in Goudie's performance of his duties as president, to the jury. The jury returned a verdict in Goudie's favor on the counterclaim and awarded Goudie $82,070 on his incentive fee contract claim.
As the prevailing party, Goudie moved for and was awarded $138,610 in attorney's fees based on sections 448.08 and 607.0850(3), Florida Statutes (1995), and an indemnification provision in NPC's by-laws. In arriving at this amount, the trial court applied a multiplier to both the fees incurred in the prosecution of the main action and in Goudie's defense of the counterclaim. NPC challenges the use of a multiplier and, more particularly, the application of the multiplier to the fees incurred in defense of the counterclaim. We find no merit to NPC's assertions. The application of a multiplier in fees awarded pursuant to section 448.08, Florida Statutes (1995), is appropriate. See Tampa Bay Publications, Inc. v. Watkins, 549 So.2d 745 (Fla. 2d DCA 1989) (holding that the trial court properly applied a multiplier in arriving at a reasonable attorney's fee in a suit for unpaid wages). Further, we agree with the trial court's determination "that the primary issues in the Plaintiff's Complaint and the Defendant's Counterclaim were significantly and inextricably intertwined," and thus, we affirm the award of fees for time spent in defense of the counterclaim as well. See Warshall v. Price, 629 So.2d 905 (Fla. 4th DCA 1993) (holding that plaintiff/employee was entitled to attorney's fees for unsuccessful claim seeking unpaid wage because the claim was intertwined with successful claim).
NPC next challenges the trial court's inclusion in the reasonable number of hours expended by Goudie's attorneys those hours devoted to establishing the amount of the fee to be awarded. We agree that this was error. Goudie is entitled to include the number of hours devoted to establishing the right to a fee, but not to the amount.[1]See State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993) (holding that attorney's fees may be recovered for time spent litigating entitlement to fees but not for time spent litigating the amount of fees).
In his cross-appeal, Goudie argues that the trial court erred in denying prejudgment interest on the fee award from the date of the original final judgment. However, Goudie was not entitled to fees until August 14, 1997, the date of the trial court's order *276 awarding attorney's fees and costs. See Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So.2d 929 (Fla.1996) (holding that interest accrues on attorney's fees from the date entitlement to fees is fixed through agreement, arbitration award or court determination, even though amount of award has not yet been determined).
We remand to the trial court with directions to recalculate the amount of the fee awarded by deducting hours devoted to the determination of the amount of the fee and affirm in all other respects.
Affirmed in part and reversed in part.
ALTENBERND and CASANUEVA, JJ., concur.
NOTES
[1] In so holding, we appear to be in conflict with the First District's opinion in Diaz v. Santa Fe Healthcare, Inc., 642 So.2d 765 (Fla. 1st DCA 1994), which holds that, in an action for unpaid wages, the trial court has discretion to award attorney's fees for time spent establishing the amount of fees.