794 So.2d 649 (2001)
BARRON CHASE SECURITIES, INC., Appellant,
v.
Kathryn B. MOSER, individually and as trustee of the Kathryn B. Moser Revocable Living Trust, Appellee.
No. 2D98-4009.
District Court of Appeal of Florida, Second District.
June 8, 2001.
*650 Karol K. Williams and Allison M. Perry of Karol K. Williams, P.A., Tampa, for Appellant.
Richard R. Logsdon, Clearwater, and Allan J. Fedor, Largo, for Appellee.

ON REMAND FROM THE SUPREME COURT OF FLORIDA
STRINGER, Judge.
This case is before us on remand from the Supreme Court of Florida. Moser v. Barron Chase Sec., Inc., 783 So.2d 231 (Fla.2001).
The supreme court quashed our earlier decision and remanded this case for further proceedings based on its finding that the trial court correctly interpreted language in the arbitration award as indicating that Moser prevailed on her statutory claim and therefore is entitled to attorney's fees in this case. However, Moser's fee award must be reconsidered by the trial court.
The trial court granted interest on Moser's fee award retroactive to the date of the arbitration award. Interest on an attorney's fee award begins to accrue from the date entitlement to the fee is determined. Quality Engineered Installation, Inc., v. Higley S., Inc., 670 So.2d 929 (Fla.1996). Absent an agreement between the parties, the circuit court, and not the arbitration panel, has jurisdiction to determine entitlement to attorney's fees. Therefore the court erred in finding that Moser's entitlement to fees was determined as of the date of the arbitration award. Turnberry Assoc. v. Serv. Station Aid, Inc., 651 So.2d 1173 (Fla.1995).
Also, the trial court erred in awarding Moser attorney's fees incurred in litigating the amount of fees. Attorney's fees may be awarded for litigating the issue of entitlement to fees but not for time expended litigating the amount of fees. State Farm Fire & Cas. Co. v. Palma, 629 So.2d 830 (Fla.1993); Nat'l Portland Cement Co. v. Goudie, 718 So.2d 274 (Fla. 2d DCA 1998).
Accordingly, we affirm the confirmation of the arbitrator's decision and the determination as to entitlement to attorney's fees. However, on remand, the court should enter an order indicating that Moser is entitled to a fee award with interest accruing from the date of the trial court's original order awarding attorney's fees. The new fee award should not include fees *651 generated while litigating the amount of fees.
Affirmed in part, reversed in part and remanded for the determination of a fee award consistent with this opinion.
PARKER, A.C.J., and CASANUEVA, J., Concur.