PER CURIAM.
Tripp Construction, Inc. (Tripp), appeals the trial court’s order awarding attorney’s fees.
The order under review stems from a class action construction defect case commenced on April 24, 1996, by representative plaintiffs, Charles Verde, Fredesynia Verde, Silvano Ramos Patlan, Juan Ocam-po and Adia Ocampo (collectively, homeowners). The homeowners sued Tripp, the builder of Villages of Palm Bay in Homestead, Florida, and Southwin, Inc. (South-win), the developer and seller of the homes, for violation of minimum building codes under section 558.84, Florida Statutes, and for breach of contract, respectively.
At the outset of the litigation, the homeowners served requests for admissions, which asked that Tripp and Southwin admit:
That prior to the construction of the subject homes, the defendants failed to have approved by Florida City, Plans for the construction of the said homes as required by the South Florida Building Code.
That when sold, the subject homes were constructed in violation of the South Florida Building Code.
In June 1996, Tripp and Southwin denied the requests for admissions. Moreover, at the hearing on the motion for class certification, Tripp presented evidence and argument denying the subject of the requested admissions.
The case proceeded to a jury trial in June 1999, during which the homeowners presented uncontroverted evidence that the houses were in violation of the code and built without approved plans. After a jury verdict finding that the homes violated the building code, the trial court entered a final judgment in favor of the homeowners for $5,237,893.00, and reserved jurisdiction to award attorney’s fees and costs.
The homeowners filed a motion for attorney’s fees. After a hearing on the motion, the trial court ordered Tripp to pay all of the homeowners’ attorney’s fees from the time Tripp denied the request for admissions,[1] based on rule 1.380(c), Florida Rules of Civil Procedure.[2]
While we affirm the homeowners’ entitlement to attorney’s fees, we reverse the amount of the award because we find it exceeds the parameters of rule 1.380(c). Accordingly, we remand the matter to the trial court for a hearing to determine the amount of time expended by counsel to prove the facts that Tripp failed to admit in the request for admissions.
*1173 Affirmed in part; reversed in part, and remanded with instructions.

. The award of attorney's fees against Tripp amounted to $675,612.50 (calculated by applying a 2.5 multiplier).

. Florida Rule of Civil Procedure 1.380(c) provides:
Expenses on Failure to Admit. If a party fails to admit the ... truth of any matter as requested under Rule 1.370 and if the party requesting the admissions thereafter proves ... the truth of the matter, the requesting party may apply to the court for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorneys’ fees. The court shall make the order unless if finds that (1) the request was held objectionable pursuant to rule 1.370(a), (2) the admission sought was of no substantial importance, or (3) there was other good reason for the failure to admit.
(Emphasis added).