880 So.2d 692 (2004)
Paul Donald WIGHT, Appellant,
v.
Melissa Anne WIGHT, Appellee.
No. 2D02-4036.
District Court of Appeal of Florida, Second District.
April 28, 2004.
*693 Dorothy C. Venable and Edward M. Brennan of Gallagher & Howard, P.A., Tampa, for Appellant.
Ingrid Anderson and Ann Loughridge Kerr, Clearwater, for Appellee.
COVINGTON, Judge.
In this postjudgment dissolution proceeding, the husband appeals from an order awarding attorney's fees and costs to the wife. Because we agree that the trial court erred in establishing the amount of the attorney's fees, we reverse and remand for recalculation of the attorney's fees award.
After conducting discovery, the husband and wife entered into settlement negotiations hoping to resolve their disputes. Part of their agreement called for the husband to pay $3000 per month in child support and obtain, as security for this obligation, a $500,000 life insurance policy. Some time thereafter, since the husband did not obtain the life insurance policy, the wife filed several motions to enforce the agreement. In addition, the wife filed motions for contempt relying on the fact that the husband had not timely remitted the child support payments. Before the hearing on the contempt motions was held, the husband paid the arrearage and became current with respect to his obligations.
The wife's attorney then filed a motion for attorney's fees for the time spent litigating both the life insurance matter and the contempt issues. Pursuant to section 61.16(1), Florida Statutes (2000), the trial court awarded attorney's fees to the wife in the amount of $27,833.21. On appeal the husband raises several claims in support of his contention that the attorney's fees award should be set aside. While we affirm the award in all other respects, we do find merit to one of the husband's arguments.
A portion of the fee awarded to the wife included time billed for litigating the amount of attorney's fees. Relying on State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 833 (Fla.1993), the husband submits that while it may be permissible to award attorney's fees for litigating entitlement to fees, such an award should not include the time spent litigating the amount of the fees. In denying fees for fees, the Palma court reasoned that work performed by an attorney concerning the amount of the fee "inures solely to the attorney's benefit and cannot be considered services rendered in procuring full payment of the judgment." Id. at 833.
We are cognizant that under certain limited circumstances, Florida courts have determined that they are not bound by Palma and have permitted the awarding of fees for litigating the amount of fees. See, e.g., Condren v. Bell, 853 So.2d 609 (Fla. 4th DCA 2003) (permitting fees for fees because the fee awarded was a sanction); Citibank Fed. Sav. Bank v. Sandel, 766 So.2d 302 (Fla. 4th DCA 2000) (permitting fees for fees because federal law controlled the award of fees); Diaz v. SantaFe Healthcare, Inc., 642 So.2d 765 (Fla. 1st DCA 1994) (permitting fees for fees in claim for lost wages filed pursuant to § 448.08, Fla. Stat. (1995)).
*694 However, this court has declined to apply Palma only to contingency fee actions or to otherwise limit Palma's holding. We have denied fees for litigating the amount of fees in a number of different contexts. See, e.g., Fleet Servs. Corp. v. Reise, 857 So.2d 273 (Fla. 2d DCA 2003) (concerning fees sought pursuant to § 57.105, Fla. Stat. (1997), in a case involving the collection of a promissory note); Barron Chase Sec., Inc. v. Moser, 794 So.2d 649 (Fla. 2d DCA 2001) (involving arbitration award against securities dealer pursuant to § 517.211(6), Fla. Stat. (1997)); Nat'l Portland Cement Co. v. Goudie, 718 So.2d 274 (Fla. 2d DCA 1998) (denying fees for litigating amount of fees in wrongful termination action filed pursuant to § 448.08, Fla. Stat. (1995));[1] and Pelaez v. Persons, 664 So.2d 1022 (Fla. 2d DCA 1995) (denying fees for litigating amount of fees sought pursuant to § 45.061, Fla. Stat. (1987), in an action involving breach of home repair contract).
This court is not alone in its interpretation of Palma. Generally speaking, courts throughout Florida have interpreted Palma to apply not only to contingency fee cases, but to other matters as well. See, e.g., Mediplex Constr. of Fla., Inc. v. Schaub, 856 So.2d 13, 14 (Fla. 4th DCA 2003) (barring fees for fees under § 57.105(7), Fla. Stat. (2003), in contract dispute); Oruga Corp., Inc. v. AT & T Wireless of Fla., Inc., 712 So.2d 1141, 1145 (Fla. 3d DCA 1998) (barring fees for fees under offer of judgment statute § 768.79(6)(a), Fla. Stat. (1995)); Dep't of Transp. v. Robbins & Robbins, Inc., 700 So.2d 782, 785 (Fla. 5th DCA 1997) (barring fees for fees under §§ 73.091 and 73.092, Fla. Stat. (1993), in eminent domain proceeding).
We recognize that Palma was a case against an insurance carrier involving a contingency fee, while the case at bar is a dissolution proceeding. However, the fact that this is an hourly fee case, as opposed to a contingency fee case, should not make a difference. McMahan v. Toto, 311 F.3d 1077, 1085 (11th Cir.2002) cert. denied sub nom. Nemesis Veritas, L.P. v. Toto, 539 U.S. 914, 123 S.Ct. 2273, 156 L.Ed.2d 129 (2003). In McMahan, the party who sought fees for litigating the amount of fees argued that because his was an hourly fee case and Palma was a contingency fee case, Palma's reasoning should not apply. Id. at 1086. The Eleventh Circuit, applying Florida law, was tasked with deciding whether Palma was distinguishable. Id. The court analyzed Palma and concluded that its holding applied to hourly fee cases as well as contingency fee cases. Id. The McMahan court stated, "[T]he Florida Supreme Court has explained that whether attorney's fees should be awarded for litigating the amount of fees due depends on the purpose of the statute under which the fees are sought; it does not depend on the method of calculating them. Palma, 629 So.2d at 833." McMahan, 311 F.3d at 1086.
"In awarding fees for litigating all issues relating to attorney's fees, the federal courts have noted that such awards comport with the purpose behind most statutory fee authorizations, namely to encourage attorneys to represent indigent clients." Palma, 629 So.2d at 833. Following the Palma court's analysis, if a statute's intent is to promote the representation of the poor, attorneys would be permitted to recoup fees for litigating the amount of fees. However, when the purpose of the statute is "`to discourage the contesting of valid claims against insurance companies and to reimburse successful insureds for their attorney's fees,'" *695 such fees are not recoverable. Palma, 629 So.2d at 833 (quoting Ins. Co. of N. Am. v. Lexow, 602 So.2d 528, 531 (Fla.1992)).
In a dissolution proceeding, the determination of an appropriate attorney's fee is governed by section 61.16, Florida Statutes, which specifically provides that "the financial resources of both parties" are to be considered in awarding attorney's fees. Unlike the federal statutes referred to in Palma, there is no indication of legislative intent in this statute to encourage lawyers to represent indigent clients. Rather, "[t]he statute's purpose is to ensure that both parties possess a similar ability to retain competent legal counsel." Lopez v. Lopez, 780 So.2d 164, 166 (Fla. 2d DCA 2001).
The rule limiting fees for fees has the advantage of encouraging parties to litigate fees in an efficient manner. If litigants are able to obtain fees for litigating the amount of fees, then the party who expects to win lacks an incentive not to excessively litigate the issue. The opposing party is left with little choice but to do the same. While there certainly are valid reasons why fees should be awarded for litigating the amount of fees, it is the role of the legislature, rather than the courts, to broaden the statute. See Palma, 629 So.2d at 833; Mediplex, 856 So.2d at 15.
Because we find that Palma controls, we reverse on this issue and remand for the trial court to recalculate the award, eliminating those fees incurred for time spent litigating the amount of attorney's fees. In all other respects the order of the trial court is affirmed.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
KELLY, J., concurs.
SILBERMAN, J., concurs specially.
SILBERMAN, Judge, Specially concurring.
Based on the precedent cited in the majority's opinion, I reluctantly concur in the conclusion that the former wife cannot recover attorney's fees to establish the amount of attorney's fees that the former husband must pay. However, I am concerned that in the context of dissolution of marriage proceedings, the "usual" considerations supporting the denial of such fees do not necessarily apply.
In dissolution proceedings, one party (the "monied party") may be required to pay the reasonable attorney's fees incurred by the other party (the "needy party") based on a consideration of the financial resources of both parties. See § 61.16, Fla. Stat. (2000). An existing limitation under the law is that if the parties litigate the amount to be paid by the monied party, the monied party is not liable for those fees incurred by the needy party to establish the amount.
When the amount of recoverable fees is in dispute, the issue may be vigorously litigated. Yet the needy party may have no ability or a limited ability to pay counsel to undertake such litigation. In contrast, the monied party has no similar limitation to being able to afford counsel to litigate the issue. This imbalance, which may hamper the needy party's ability to properly litigate the matter, does not comport with the requirements of section 61.16 concerning the determination of need and ability to pay in relation to an award of attorney's fees.
In State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830 (Fla.1993), the court noted that the work performed by the plaintiff's attorney concerning the amount of fees was for the benefit of the attorney, rather than the client, because the insurer *696 was responsible for the payment of fees. Other cases cited in the majority's opinion apply the Palma rationale in a variety of contexts. In a dissolution action, however, the client has an interest in and benefits from the recovery of fees because the client would otherwise be responsible for payment to his or her attorney.
The majority states that the limitation on the recovery of fees for litigating the amount of fees encourages parties to litigate fees in an efficient manner. Unfortunately, a monied party may engage in litigation as to the fee amount simply because he or she is financially able to do so and the other party does not have similar resources. If the monied party will not have to pay the fees incurred by the needy party to litigate the amount of fees, the monied party may have less of an incentive to litigate efficiently and more of an incentive to use litigation as leverage or as a means of vexation or vindictiveness.
The Florida Supreme Court has reiterated that dissolution proceedings are in equity and are governed by basic rules of fairness and that trial judges have wide leeway to work equity in dissolution cases. See Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997). Concerning attorney's fees, the court stated that "section 61.16 should be liberallynot restrictivelyconstrued to allow consideration of any factor necessary to provide justice and ensure equity between the parties." Id. Moreover, a significant purpose of section 61.16 "is to assure that one party is not limited in the type of representation he or she would receive because that party's financial position is so inferior to that of the other party." Id. at 699 (quoting Standard Guar. Ins. Co. v. Quanstrom, 555 So.2d 828, 835 (Fla.1990)). In my view, that purpose may be undermined, at least in part, when a needy party is unable to recover the fees that are incurred to establish the amount that the monied party must pay. The needy party, who must pay his or her attorney to the extent that the monied party is not required to do so, may be forced into making litigation decisions based on the needy party's limited or non-existent financial resources. The monied party is able to make decisions knowing that he or she is able to afford to litigate and knowing that he or she has no exposure to pay the needy party's fees to litigate the amount of fees.
Although the cases cited by the parties and noted in the majority's opinion are not dissolution cases, this court has stated without reservation that fees cannot be awarded for the time spent litigating the amount of fees. See Barron Chase Sec., Inc. v. Moser, 794 So.2d 649, 650 (Fla. 2d DCA 2001). If I were writing on a clean slate, I would affirm the decision of the trial court; however, based on the existing case law, I reluctantly concur in the result reached by the majority.
NOTES
[1] In Goudie, this court certified conflict with Diaz.