WHATLEY, Judge.
 

 Willie Gene Braswell appeals an order awarding attorney’s fees and costs to Debbie L. Braswell, his former wife, which fees were incurred in their dissolution of marriage proceeding. We agree with the Husband that the trial court erred in awarding fees to the Wife where there was
 
 *5
 
 insufficient evidence to support such an award.
 

 At the hearing on the Wife’s motion for attorney’s fees, the Wife’s attorney introduced no evidence to support his claim for fees and costs. The attorney claimed that his total fees and costs are $40,032.50.
 
 [1]
 
 Although the Wife’s attorney claimed in his brief and at oral argument that the documents he introduced were lost by the clerk, the transcript of the hearing establishes that he did not introduce any documents into evidence.
 

 “An award of attorney’s fees requires competent and substantial evidence. Competent evidence includes invoices, records and other information detailing the services provided as well as the testimony from the attorney in support of the fee.”
 
 Brewer v. Solovsky,
 
 945 So.2d 610, 611 (Fla. 4th DCA 2006) (citation omitted). This court has held that an attorney’s time records, in their entirety, are critical to determining the propriety of the hours expended on a client’s behalf.
 
 Tucker v. Tucker,
 
 513 So.2d 733, 735 (Fla. 2d DCA 1987);
 
 see also Warner v. Warner,
 
 692 So.2d 266, 268 (Fla. 5th DCA 1997) (holding that to establish an award of fees, a party must present evidence detailing exactly what services were performed);
 
 Carlson v. Carlson,
 
 639 So.2d 1094, 1096 (Fla. 4th DCA 1994) (holding that the trial court erred in failing to make findings detailing the breakdown of reasonable hours expended among the various personnel in attorney’s office). Here, no evidence was introduced by the Wife’s attorney to support the award of attorney’s fees or costs.
 

 We therefore reverse the order awarding attorney’s fees and costs to the Wife. We do not remand for a new hearing, because the Wife failed to introduce any evidence supporting the award of fees and costs.
 
 See Warner,
 
 692 So.2d at 268 (holding that if a party fails to present any evidence to establish its attorney fee claim, that party is not entitled to a second opportunity to prove the claim).
 

 Reversed.
 

 STRINGER and DAVIS, JJ., Concur.
 

 [1]
 

 . The trial court awarded the Wife $39,332.55 for her attorney's fees and costs.