WARNER, J.
 

 The dissolution of the marriage of the parties to this appeal has been a costly, time-consuming affair. Commenced in 2001, a final judgment was entered in 2002, but post-judgment appeals and litigation over attorney’s fees has consumed the ensuing years. In these consolidated cases, the wife appeals two judgments ordering the husband to pay her attorney’s fees— one award of fees arises out of the original dissolution proceedings, and the other arises out of post-judgment proceedings to compel the husband to increase his life insurance. Although the parties have treated both orders as final orders subject to appeal, we conclude that the order awarding fees out of the original litigation is not a final order. Moreover, that order, which attached a lengthy transcript as the court’s ruling, is lacking in substantive clarity so that even if we were to treat it as a final judgment, we would have to reverse. As to the second order awarding
 
 *153
 
 fees for the post-judgment proceeding, the trial court refused to award fees for litigating the motion for fees, as a matter of law. We reverse that order, as we hold that awarding fees for fee litigation in a marital dissolution case falls within the discretion of the trial court.
 

 The wife initially retained Ryna Mehr of Hunt, Cook, Riggs, Gross & Greenberg, P.A. (“Hunt Cook”) to represent her in the dissolution proceedings. However, she terminated Hunt Cook before the final hearing and refused to pay the firm for its services. The firm filed a notice of claim and charging lien. The court awarded the firm $102,281.38 against the wife only, finding that its conclusion as to the reasonableness of the fees applied exclusively to the wife. The wife appealed the final judgment on the Hunt Cook charging lien, and this court issued a PCA affirming the judgment.
 
 See Schneider v. Schneider,
 
 892 So.2d 1050 (Fla. 4th DCA 2004).
 

 After the wife terminated Hunt Cook, she hired two attorneys from different law firms, Andrew Rose of Rose & Rose, P.A., and Peter Ticktin of Ticktin & Rodriguez, P.A., to represent her in the dissolution proceedings. Rose represented the wife with respect to matters related to the financial aspects of the divorce, while Tick-tin worked on matters related to the children.
 

 After a lengthy trial, the court entered a final judgment of dissolution of marriage which resolved issues pertaining to child custody, equitable distribution, and alimony, and which required the husband to maintain a certain level of life insurance coverage to secure his support obligations. As to attorney’s fees, the court reserved jurisdiction to determine the reasonable amount of attorney’s fees that the husband would be required to pay to the wife. The wife then terminated Ticktin and Rose and retained Hugh Maloney, Esquire, of Patterson & Maloney as her attorney.
 

 The husband appealed the final judgment of dissolution of marriage. On motion by the husband, the trial court stayed further consideration of the attorney’s fees issue until after the appeal. This court affirmed the final judgment in its entirety.
 
 See Schneider v. Schneider,
 
 864 So.2d 1198 (Fla. 4th DCA 2004). The husband then filed a petition for writ of certiorari with the Florida Supreme Court, which was denied.
 
 Schneider v. Schneider,
 
 874 So.2d 1192 (Fla.2004). The Florida Supreme Court provisionally granted the wife appellate fees of $2,500 resulting from the husband’s petition for certiorari.
 

 Following their termination, Ticktin and Rose each moved to establish and adjudicate charging liens in favor of their respective law firms. After several evidentiary hearings on the issue of these charging liens, the trial court entered an order adjudicating the amount of the charging liens for Ticktin and Rose. The court determined the reasonable number of hours and hourly rate for each lawyer. It awarded Ticktin $97,000 in attorney’s fees plus costs and awarded Rose $60,485 plus costs. Both awards were made against the wife only, the court specifically stating that the order would have no effect on the issue of entitlement in any proceeding to require the husband to pay fees. The wife appealed this judgment on the Ticktin and Rose charging liens, and this court issued a PCA affirming the judgment.
 
 See Schneider v. Schneider,
 
 954 So.2d 1172 (Fla. 4th DCA 2007).
 

 After the appeal of the final judgment in the original proceeding concluded, the wife moved to increase the amount of life insurance coverage the husband was required to maintain. The court granted the motion, prompting another appeal which was affirmed.
 
 See Schneider v. Schneider,
 
 942
 
 *154
 
 So.2d 893 (Fla. 4th DCA 2006). This court conditionally granted the wife’s motion for appellate fees.
 

 The wife then moved for attorney’s fees in the trial court for prosecuting the motion to increase life insurance. After a full hearing, the trial court entered a final judgment awarding a total of $32,664.75 in fees and costs for both trial and appellate work relative to the life insurance issue. The court specifically rejected the amount of time that the attorneys expended in pursuing their entitlement and amount of attorney’s fees for the motion.
 

 With respect to the attorney’s fees up to the time of the entry of the final judgment, multiple hearings were held on the motions from 2004 to 2007. During that time, three judges recused themselves from these proceedings.
 

 On January 11, 2007, the trial court orally announced its ruling. At the beginning of the oral ruling the court asked the wife’s attorney to prepare an order. The court would announce its ruling and permit the lawyers to ask questions to clarify the ruling. Then the wife’s attorney would reduce the ruling to writing. The court referred to a demonstrative aid, on which the court made some modifications, to be part of the ruling. The court also mentioned that it would reserve ruling on some additional fees which the wife’s attorney claimed. The court then prefaced its determination of the actual amounts awarded by telling the parties that they had essentially wasted their assets and money through this hotly contested litigation. The court found that the fees were excessive.
 

 The court determined that the husband would be required to pay some of the wife’s fees due to the dramatic disparity in the parties’ respective incomes. However, it rejected the assertion of each party that the other party’s litigation tactics caused each to incur such large fees. The court noted that both parties evidenced a “my way or the highway” approach to the litigation. The trial court attributed much of the fees the wife incurred to “attorney hand holding” for the wife as well as her father.
 

 Explaining that it had gone line by line through the bills of each of the firms who represented the wife, the court then “rati-fie[d]” the Hunt Cook lien of $102,281. The court found that the Ticktin and Rose fees awarded in the lien litigation were reasonable but not for purposes of fee shifting to the husband. After finding that there was excessive hand holding in this case, the trial court gave specific examples of the charges that would be disallowed for fee shifting purposes. It discounted multiple entries on the bills. On some of the bills, the court announced the number of hours discounted, but on others it did not. The court did not specify the amount of reasonable hours or the hourly rate of any of the lawyers involved.
 

 The court found that the husband had already paid approximately $105,000 towards the wife’s attorney’s fees, and the wife had paid $136,000. It then ordered the husband to be responsible for an additional sum of $140,000 plus interest from 2007 less a credit the wife owed the husband on an equitable distribution award. Concluding that there was no appropriate way to divide the amount between the wife’s lawyers, the court “exercised discretion” in making the awards. However, it then explained that its calculations on the repayment schedule needed to be “retooled.” It stated that “the total reasonable fees [is] $247,556, of which then the bottom line obligation [of] Doctor Schneider is $123,757.... ” After making some other comments, the court said to the wife’s attorney, “With that I would turn to Mr. Maloney as the drafter of the order
 
 *155
 
 asking if there is any question that I can answer to assist you in the preparation of the written order.” Both attorneys asked multiple questions, including how the various fee amounts would be divided between the various lawyers. The oral ruling continued for 40 pages of transcript.
 

 The written order which was signed a month later simply stated, “Former Husband shall pay Former Wife’s attorneys’ fees and costs pursuant to the ruling of the Court on January 11, 2007, at 10:00 a.m.; as delineated in the attached transcript.” It is apparent that the wife’s attorney made no attempt to prepare a written order recording the exact provisions of the oral ruling, nor did he attach the demonstrative aid the court used in making its calculations.
 

 The wife timely appealed both the order awarding fees on the life insurance obligation and the order on fees for the original dissolution litigation.
 

 As to the order on fees for the original litigation, it is not a final, appeal-able order as the court clearly intended to have a written order incorporating all of its findings and “retooled” in several respects. Some of the figures the trial court used were “approximate,” for which it appears that the court intended that the parties supply the correct amounts, such as how much the husband had already paid in attorney’s fees to the wife. It made various calculations, deducting hours from the Tiektin and Rose bills, but those calculations do not appear in the “final order.” Whether they can be gleaned from the demonstrative exhibits or from the bills introduced in evidence at the various hearings is something that the trial court will have to determine when it enters its final order. The court also did not include in its calculation of fees the amount of the accounting fee which it found was reasonable.
 

 The order is incomplete. Under prevailing law, the trial court must make findings to substantiate a fee award and allow for meaningful review.
 
 See DeLillo v. DeLillo,
 
 848 So.2d 454, 455 (Fla. 4th DCA 2003). When someone other than the client is required to pay the other party’s attorney’s fees, the trial court must award only a reasonable fee, determined from testimony by expert witness lawyers as to the prevailing rates for attorneys in comparable circumstances and as to the amount of time reasonably expended by the attorney for the party seeking payment.
 
 Franklin & Marbin, P.A. v. Mascola,
 
 711 So.2d 46, 48-49 (Fla. 4th DCA 1998);
 
 Fla. Patient’s Comp. Fund v. Rowe,
 
 472 So.2d 1145 (Fla.1985). This requires the trial court to make findings of fact in the judgment as to the number of hours spent and a reasonable hourly rate.
 
 Simpson v. Simpson,
 
 780 So.2d 985, 988 (Fla. 5th DCA 2001). Absent such factual findings, reversal is required even where evidence is contained in the record from which the
 
 Rowe
 
 factors of the number of hours and reasonable rate can be determined.
 
 Id.
 
 Because the order does not contain these findings, we would reverse even if we did consider it a final order. We simply cannot review the propriety of these awards without understanding exactly what the trial court determined to be the reasonable amount of hours expended by the attorneys employed by the wife.
 

 Based upon the foregoing, we dismiss the appeal of the order on attorney’s fees for the original litigation.
 

 The wife also appeals the final judgment of attorney’s fees for the life insurance litigation. She does not question the court’s findings on the reasonableness or amount of fees. Instead, she contends that the court erred in failing to award her fees for litigating the reasonableness and
 
 *156
 
 amount of fees. The trial court specifically declined to include such fees in its award.
 

 On appeal, the wife claims that
 
 State Farm Fire & Casualty Co. v. Palma,
 
 629 So.2d 830, 833 (Fla.1993), required the court to award fees for litigating the entitlement to fees but contends that
 
 Palma
 
 should not be followed to the extent that it disallows attorney’s fees for litigating the amount of fees. We conclude that
 
 Palma
 
 does not apply to attorney’s fees awarded in dissolution proceedings pursuant to section 61.16, Florida Statutes.
 

 In
 
 Palma,
 
 the supreme court considered whether a court could include attorney’s fees for litigating the entitlement and amount of fees awardable pursuant to section 627.428(1), Florida Statutes, to an insured who obtains a final judgment against an insurer pursuant to a policy or contract of insurance. The court held that the statutory language permitted a court to award fees for litigating the issue of entitlement to fees, because the statutory provision is implicitly part of all insurance policies and thus entitlement to fees constituted a claim under the policy. However, the statute could not be construed to include fees for litigating the amount of fees. The court invited the legislature to change the statute if it disagreed with the court’s construction.
 
 Palma,
 
 therefore, is strictly a statutory interpretation case and not a general public policy pronouncement on the compensability of “fees for fees.”
 

 Section 61.16(1), Florida Statutes, under which fees are awarded in dissolution of marriage litigation, is a decidedly different statute from the statute involved in
 
 Palma.
 
 It provides:
 

 The court may from time to time, after considering the financial resources of both parties, order a party to pay a reasonable amount for attorney’s fees, suit money, and the cost to the other party of maintaining or defending any proceeding under this chapter....
 

 The statute permits awards of temporary attorney’s fees as well as a final award. It is not a prevailing party fee statute.
 
 See Widder v. Widder,
 
 673 So.2d 954 (Fla. 4th DCA 1996) (recognizing that relative financial circumstances of the parties controls fee award in dissolution proceedings, not prevailing party standard).
 

 Our supreme court in
 
 Rosen v. Rosen,
 
 696 So.2d 697 (Fla.1997), explained that under Chapter 61 the principal consideration for awarding fees is the relative financial circumstances of the parties regarding their need and ability to pay. It emphasized the wide discretion that family courts have in determining fee awards.
 

 [P]roceedings under chapter 61 are in equity and governed by basic rules of fairness as opposed to the strict rule of law.
 
 See
 
 § 61.011, Fla. Stat. (1995) (“Proceedings under this chapter are in chancery.”). The legislature has given trial judges wide leeway to work equity in chapter 61 proceedings.
 
 See, e.g.,
 
 § 61.001, Fla. Stat. (1995). Thus, section 61.16 should be liberally — not restrictively — construed to allow consideration of any factor necessary to provide justice and ensure equity between the parties.
 

 Section 61.16 constitutes a broad grant of discretion, the operative phrase being “from time to time.” The provision simply says that a trial court may from time to time, i.e., depending on the circumstances surrounding each particular case, award a reasonable attorney’s fee after considering the financial resources of both parties. Under this scheme, the financial resources of the parties are the primary factor to be considered. However, other relevant circumstances to be considered include factors such as the scope and history of
 
 *157
 
 the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation. Had the legislature intended to limit consideration to the financial resources of the parties, the legislature easily could have said so.
 

 We further find that a court may consider all the circumstances surrounding the suit in awarding fees under section 61.16. Moreover, in situations where a court finds that an action is frivolous or spurious or was brought primarily to harass the adverse party, we find that the trial court has the discretion to deny a request for attorney’s fees to the party bringing the suit.
 

 Id.
 
 at 700-01 (footnote omitted). Thus, unlike the statute involved in
 
 Palma
 
 in which attorney’s fees were granted in an action at law, courts assessing fees in dissolution of marriage proceedings look to far different factors in determining both the entitlement and amount of fees. Whether a party is entitled to fees depends upon the court’s rulings as to the distribution of assets, alimony, and child support, which all factor into the determination of the need of the requesting spouse. But the amount of fees also impacts the financial circumstances of the requesting spouse, because leaving an impecunious spouse with substantial fees to pay could severely impact that spouse’s financial circumstances. Indeed, Canakaris
 
 v. Canakaris,
 
 382 So.2d 1197 (Fla.1980), teaches that an award of attorney’s fees may be proper to prevent an inequitable diminution of one spouse’s assets.
 

 The assessment of fees in a marital dissolution action is part of the court’s duty to effect an equitable division of the parties’ assets and income. The need and ability to pay requirement is tantamount to a finding of entitlement of one spouse to have the other spouse pay all or a portion of the spouse’s fees. To determine that need and ability, however, the amount of those fees must also be considered. Therefore, the court in its discretion may assess fees for litigating both factors, as they are part and parcel of the equitable proceedings.
 

 We disagree with the conclusion of
 
 Wight v. Wight,
 
 880 So.2d 692 (Fla. 2d DCA 2004), which applied
 
 Palma
 
 to hold that fees awarded to a needy spouse in a dissolution action cannot include fees for litigating the amount of fees.
 
 Wight
 
 acknowledged that a fee award under section 61.16 is based on different considerations than the fee award in
 
 Palma
 
 but interpreted
 
 Palma
 
 as holding that awarding fees for litigating the amount of fees was proper only where the purpose of the statutory fee award was to assure that indigent defendants could secure adequate representation. Reasoning that the purpose of a section 61.16 award was to assure that both parties were able to secure competent counsel, the court determined that fees for litigating the amount of the fee could not be recovered pursuant to
 
 Palma.
 

 The court in
 
 Wight
 
 theorized that permitting fees for litigating the amount of fees would give no incentive to the party who expected to win the award to limit its fees. We do not agree that this would routinely be the case. To the contrary, the party who expects to have to pay fees could litigate the amount of fees to excess, knowing that he or she would not be responsible to the other party for the fees incurred. It is also possible that the wealthier party may excessively litigate the fee amount for the purpose of harassing the other party.
 

 
 *158
 
 In any event,
 
 Rosen
 
 solves the dilemma. Under our supreme court’s interpretation of section 61.16 in
 
 Rosen,
 
 the trial court has wide discretion in the award of reasonable and necessary fees. Should the court conclude that the fees incurred were unnecessary or that the positions taken were frivolous, then the court can adjust the amounts accordingly. However, no ban on fees for litigating fees, as a matter of law, is contained in either the statute or
 
 Rosen. Palma
 
 simply does not apply to section 61.16 fee awards. In this case, the court disallowed fees for litigating fees as a matter of law. Because we conclude that the court has discretion in that determination, we reverse and remand the final judgment for fees in the life insurance issue for a reconsideration of the matter and the exercise of the court’s discretion as to whether to allow them in this case.
 

 Appeal dismissed in part; reversed in part.
 

 STEVENSON and LEVINE, JJ., concur.