SILBERMAN, Judge.
In this nonfinal appeal in a dissolution of marriage proceeding, Steven E. Baker (the Husband) challenges the trial court’s order on a motion for temporary relief that requires him to contribute $7500 to the attorney’s fees of Angela R. Baker (the Wife). Because the Wife failed to present *77 competent, substantial evidence as to the reasonableness of the amount of the attorney’s fees, we reverse the determination of the amount of fees and remand for further proceedings. We also remand the Wife’s motion for appellate attorney’s fees to the trial court for further proceedings.
At a hearing on May 1, 2009, the trial court considered several motions, including the Wife’s motion for temporary relief. The subject of temporary attorney’s fees for the Wife was not the primary focus of the hearing. Near the end of the hearing, the Wife testified that she borrowed $4500 to retain counsel and that approximately $1800 was spent on depositions. The Wife stated that she was involved in four days of depositions and that she made “more than eight” trips to her attorney’s office. No evidence or testimony was presented regarding the Wife’s attorney’s hourly rate or the number of hours expended on the case.
In the appealed order, the trial court found that the Wife had the need and the Husband had the ability to contribute $7500 to the Wife’s attorney’s fees. The Husband does not dispute on appeal the Wife’s need and his ability to contribute to her attorney’s fees. He does challenge the lack of evidence to support the trial court’s determination as to the amount of temporary fees and the court’s failure to make findings as to the reasonableness of any hourly rate, the number of hours expended or to be expended, or the amount of the fees sought.
To obtain an award of temporary attorney’s fees in a dissolution of marriage proceeding, “[t]he party seeking fees must prove with evidence the reasonableness and the necessity of the fee sought.” Chhouri v. Chhouri, 2 So.3d 987, 988 (Fla. 2d DCA 2008) (citing Safford v. Safford, 656 So.2d 485 (Fla. 2d DCA 1994)). Although the trial court has broad discretion in making an award of temporary attorney’s fees, the trial court must support the award with “factual findings regarding reasonableness of the hourly rates and time expended.” Id.
In Ghay v. Ghay, 954 So.2d 1186, 1189 (Fla. 2d DCA 2007), this court reversed an award of temporary attorney’s fees, noting that the award was “unaccompanied by any factual findings regarding reasonable hourly rates and the amount of fees that are expected to be reasonably incurred.” We also observed that the evidence presented did not support the temporary awards of attorney’s fees, alimony, and child support. Id.; see also Kasm v. Kasm, 933 So.2d 48, 49 (Fla. 2d DCA 2006) (reversing temporary fee award that lacked findings on reasonableness and stating that “this court cannot determine from the record before us how the trial court arrived at its determination of the amount awarded”).
Here, the trial court did not make factual findings regarding the reasonableness of the attorney’s fees and, in fact, could not do so because no evidence was presented to support findings on a reasonable hourly rate. Further, limited information was presented as to the time expended or to be expended. Because the record does not contain competent, substantial evidence to support a determination on the reasonableness of the fees awarded, we reverse the appealed order to the extent that it awarded $7500 in temporary attorney’s fees.
The Husband contends that because the Wife failed to produce evidence supporting the fee award, no remand is required. The Husband cites to Braswell v. Braswell, 4 So.3d 4 (Fla. 2d DCA 2009), a case dealing with a final order on attorney’s fees. However, a temporary award does not create vested rights, and the trial court may modify or vacate a temporary *78 award at any time during the litigation. Ghay, 954 So.2d at 1190. We thus remand for further proceedings for the trial court to determine a reasonable temporary fee award and for the trial court to make findings to support that award. See Kasm, 933 So.2d at 50 (reversing and remanding for further proceedings regarding the amount of a temporary fee award).
With respect to appellate attorney’s fees, the Wife filed a motion for fees based on section 61.16, Florida Statutes (2009), asserting her need and the Husband’s ability to pay. The Husband filed a response, asserting that a litigant cannot obtain attorney’s fees for litigating the amount of fees. He cited, among other cases, State Farm Fire & Casualty Co. v. Palma, 629 So.2d 830, 833 (Fla.1993), and Wight v. Wight, 880 So.2d 692 (Fla. 2d DCA 2004).
In Palma, the supreme court determined that a statutory provision for attorney’s fees in an insurance case did not authorize a fee award for litigating the amount of fees. 629 So.2d at 833. The supreme court stated that “[s]uch work inures solely to the attorney’s benefit and cannot be considered services rendered in procuring full payment of the judgment.” Id. In Wight, this court applied Palma to a postdissolution proceeding and determined that the wife was not entitled to fees awarded for litigating the amount of fees. 880 So.2d at 695. This court recognized that the purpose of section 61.16 “ ‘is to ensure that both parties possess a similar ability to retain competent legal counsel.’ ” Id. (quoting Lopez v. Lopez, 780 So.2d 164, 166 (Fla. 2d DCA 2001)). This court stated that the Palma analysis does allow fees for litigating fees “if a statute’s intent is to promote the representation of the poor” but that section 61.16 did not indicate an intent “to encourage lawyers to represent indigent clients.” Id. at 694-95. Further, this court stated that “limiting fees for fees has the advantage of encouraging parties to litigate fees in an efficient manner.” Id. at 695.[1]
We decline to extend Wight to temporary fee awards because it may affect the needy party’s ability to litigate the remainder of the case. The Florida Supreme Court has “stated that ‘section 61.16 should be liberally-not restrictively-eon-strued to allow consideration of any factor necessary to provide justice and ensure equity between the parties.’ ” Id. at 696 (Silberman, J., concurring specially) (quoting Rosen v. Rosen, 696 So.2d 697, 700 (Fla.1997)). Section 61.16 also serves the “significant purpose” of assuring that the needy party “ ‘is not limited in the type of representation he or she would receive because that party’s financial position is so inferior to that of the other party.’ ” Id. (quoting Rosen, 696 So.2d at 699). Preventing a needy party from recovering fees for litigating the amount of fees that the “monied party” is required to pay may undermine the purpose of section 61.16. Id.
Here, the Wife points out that a determination of the amount of temporary fees does not inure solely to the attorney’s benefit but inures to the litigant’s benefit. The needy party may be unable to undertake litigation of the amount of fees, and in a case regarding temporary fees, like the present one, it may affect the needy party’s ability to litigate the remainder of the case. Therefore, we distinguish Wight, which did not involve a temporary fee order, and conclude that a party may seek *79 appellate attorney’s fees in an appeal concerning the amount of temporary attorney’s fees that the trial court awarded.
We thus remand the Wife’s motion for fees for determination of entitlement under section 61.16, and if the Wife establishes entitlement, for the trial court to award all or a portion of her reasonable appellate fees.
Reversed and remanded.
VILLANTI, J„ Concurs.
ALTENBERND, J., Concurs with opinion.

. In Schneider v. Schneider, 32 So.3d 151, 157 (Fla. 4th DCA 2010), the court addressed Wight in the context of an award of fees arising out of postjudgment proceedings. The Schneider court disagreed with the conclusion in Wight that fees cannot be awarded to a needy spouse in a dissolution action for litigating the amount of fees. Id. at 157.