PER CURIAM.
The wife appeals an Amended Global Final Order on Remaining Issues, which primarily addressed issues pertaining to attorney’s fees, professional fees, and costs. In relevant part, the order: 1) awarded the wife $846,218.52 in attorney’s fees and costs from November 1, 2009, through the entry of the Amended Final Judgment of Dissolution on July 28, 2010; 2) awarded the husband $34,500 in fees and costs based on the wife’s denial of certain requests for admissions; and 3) awarded the husband $22,500 in fees and costs under Rosen on the ground that the wife had engaged in vexatious litigation. We reverse the award of fees and costs in favor of the husband pertaining to the wife’s denial of the requests for admission, but affirm as to all other issues raised by the wife.
Denial of “Fees for Fees ”
On appeal, the wife first argues that the trial court erred as a matter of law in declining to award the wife the fees she incurred after the dissolution judgment for litigating pre-dissolution temporary fee amounts. We disagree, concluding that the fee waiver in the prenuptial agreement precludes the wife from receiving a fee award for services rendered after the entry of the dissolution judgment.
The standard of review of a fee award in a dissolution proceeding is abuse of discretion. Phillips v. Ford, 68 So.3d 257, 258 (Fla. 4th DCA 2010). However, to the extent that a trial court’s order on fees is based on its interpretation of the law, the standard of review is de novo. Ferere v. Shure, 65 So.3d 1141, 1144 (Fla. 4th DCA 2011).
“[A]n agreement of the parties that waives or limits the right to request temporary support and attorney’s fees to a spouse in need in a pending dissolution action is a violation of public policy.” Khan v. Khan, 79 So.3d 99, 100 (Fla. 4th DCA 2012). This rule is derived from Belcher v. Belcher, 271 So.2d 7, 11 (Fla.1972), in which the Florida Supreme Court held that “[u]ntil there is a decree of dissolution of the marriage, thus ending her role as wife, the wife’s support remains within long-established guidelines of support by the husband which cannot be conclusively supplanted by his advance summary disposition by agreement.” Thus, “[i]n the temporary setting prior to dissolution, section 61.16’s need and ability to pay test continues to apply.” See Lord v. Lord, 993 So.2d 562, 565 (Fla. 4th DCA 2008).
As long as the claim and award for temporary attorney’s fees “are limited to services rendered pnor to the entry of judgment, the award can be made at the time of final hearing or in an appropriate postjudgment proceeding.” Lawhon v. Lawhon, 583 So.2d 776, 777 (Fla. 2d DCA 1991) (emphasis added). “The evolution in our law, therefore, has been toward greater freedom of contract regarding post-dissolution spousal support, while recognizing the continuing obligations of support before the marriage is dissolved.” Lashkajani v. Lashkajani, 911 So.2d 1154, 1158 (Fla.2005).
Here, the prenuptial agreement provided that the parties would bear their own attorney’s fees. This provision was ineffective as to temporary fees incurred for services rendered prior to the entry of *1023 the Amended Final Judgment.[1] However, once the trial court entered the Amended Final Judgment and dissolved the marital relationship, the appellant’s role as the appellee’s wife ended and there is no longer a legal basis for declining to enforce the contractual waiver of fees.[2] Accordingly, the trial court properly refused to award litigation fees that all occurred after the entry of the Amended Final Judgment.
This court’s decision in Schneider v. Schneider, 32 So.3d 151 (Fla. 4th DCA 2010), does not change this result. In Schneider, we held that “awarding fees for fee litigation in a marital dissolution case falls within the discretion of the trial court.” Id. at 153. However, Schneider was based on section 61.16 and did not involve a prenuptial agreement with a fee waiver. The Schneider case does not change the rule that the contractual fee waiver is unenforceable only as to services rendered prior to the entry of a dissolution judgment. In this case, once the Amended Final Judgment was entered, the husband ho longer had an obligation to support the wife and there was no longer a public policy reason to refuse to enforce the contractual waiver of fees. Thus, because there was a contractual waiver of fees in the prenuptial agreement, we decline to apply Schneider to allow for the recovery of fees that were incurred post-judgment litigating the amount of fees. We affirm the trial court as to this issue.

The Award of Fees and Costs to the Husband under Rule 1.380(c)

We must, however, reverse the awards of fees and costs in favor of the husband pertaining to the wife’s denial of the requests for admission.
A trial court’s decision on whether to award fees and costs based upon a party’s failure to admit the truth of a request for admission is reviewed for an abuse of discretion. Stokes v. Clark, 390 So.2d 489, 491 (Fla. 1st DCA 1980). Here, we conclude that awarding the husband $34,500 in fees and costs for the litigation over the wife’s denial of requests for admission was an abuse of discretion.
Florida Rule of Civil Procedure 1.380(c) provides that if a party fails to admit the truth of any request for admissions and if the party requesting the admissions thereafter proves the truth of the matter, the requesting party may file a motion for an order requiring the other party to pay the requesting party the reasonable expenses incurred in making that proof, which may include attorneys’ fees. Upon motion by the requesting party, the court shall issue such an order at the time a party requesting the admissions proves the truth of the matter, unless it finds that (1) the request was held objectionable, (2) the admission sought was of no substantial importance, or (3) there was other good reason for the failure to admit. Fla. R. Civ. P. 1.380(c).
However, under the rule, “expenses incurred by a successful litigant as a result of the opposing party’s failure to admit requests for admissions may not be assessed against the opposing party for denying a request to admit a hotly-contested, central issue to the case.” Arena Parking, Inc. v. Lon Worth Crow Ins. Agency, 768 So.2d 1107, 1113 (Fla. 3d *1024 DCA 2000). If the result were otherwise, then “where a party denies a request to admit a fact which is the central issue of fact in the case, prevailing party attorney’s fees would become the rule, rather than the exception.” Shaw v. State ex rel. Butterworth, 616 So.2d 1094, 1096 (Fla. 4th DCA 1993) (affirming trial court’s denial of attorney’s fees after a trial in which the defendants prevailed after the plaintiff denied a request for admission on the central issue in the case). However, entitlement to fees under rule 1.380(c) has been affirmed where the requesting party presented uncontroverted evidence establishing the truth of the requests for admissions. See Tripp Const., Inc. v. Verde, 789 So.2d 1171, 1172 (Fla. 3d DCA 2001).
Without delving into the minutiae of the discovery requests, we conclude that the requests for admission pertained to contested matters that were central issues in the case. Therefore, we reverse the award of fees and costs pertaining to the wife’s denial of the requests for admission.

Award of Fees to the Husband for the Wife’s Bad Faith Conduct

Under Rosen v. Rosen, 696 So.2d 697 (Fla.1997), a trial court has broad discretion to award attorney’s fees in family law cases and the primary factor the trial court considers in awarding fees under section 61.16, Florida Statutes, is the financial resources of the parties. “However, other relevant circumstances to be considered include factors such as the scope and history of the litigation; the duration of the litigation; the merits of the respective positions; whether the litigation is brought or maintained primarily to harass (or whether a defense is raised mainly to frustrate or stall); and the existence and course of prior or pending litigation.” Id. at 700. “Moreover, in situations where a court finds that an action is frivolous or spurious or was brought primarily to harass the adverse party, we find that the trial court has the discretion to deny a request for attorney’s fees to the party bringing the suit.” Id. at 701.
In Hallac v. Hallac, 88 So.3d 253, 259 (Fla. 4th DCA 2012), we held that where a spouse who has no “need” of fees seeks them from the spouse who has a lesser “ability” to pay, the primary criteria of the statute are not present and Rosen cannot be applied to award attorney’s fees in favor of the spouse with the greater financial ability to pay. In other words, “where the party against whom an assessment is sought does not have the ability to pay, it is error to assess fees against that party, even though he or she may have, engaged in meritless litigation.” Id. at 258. We also explained that the case did not present the type of inequitable conduct or vexatious litigation that would authorize a fee award under the court’s inherent authority. Id. at 260-61.
Here, the trial court awarded the husband fees “due to the unnecessary time spent in this case concerning certain issues maintained by the Former Wife surrounding the execution of the parties[’] 1986 prenuptial agreement.” The trial court concluded that some of the "wife’s allegations were untrue and led to unnecessary litigation. For example, the court found that the wife falsely alleged that the prenuptial agreement was thrusted upon her with short notice, that she was an emotional wreck when the agreement was entered into, and that she did not review the agreement with her lawyer. The trial court specifically found that the “Wife’s false assertions led to unnecessary litigation that was based in fraud and mistruth and was clearly a Rosen fee violation.” (Formatting altered).
To be sure, Rosen cannot be applied to allow an award of attorney’s *1025 fees in favor of a spouse with the greater financial ability to pay. Id. at 259. Nevertheless, the trial court’s reference to Rosen was at most harmless error, because the court had the inherent authority to sanction the wife for her vexatious conduct. Under the inequitable conduct doctrine, the trial court may award attorney’s fees as a sanction where one party has exhibited egregious conduct or acted in bad faith. See Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998); Sumlar v. Sumlar, 827 So.2d 1079, 1084 (Fla. 1st DCA 2002). When a court uses its inherent authority to assess attorney’s fees, the court must make an express finding of bad faith and include facts justifying the imposition of the award. Moakley v. Smallwood, 826 So.2d 221, 227 (Fla.2002).
In this case, the trial court’s award of attorney’s fees was based upon an express finding of bad faith conduct and was supported by detailed factual findings describing the specific acts of bad faith conduct that resulted in the unnecessary incur-rence of attorney’s fees. The court’s findings were supported by the record, and the fee award was limited to fees that were unnecessarily incurred due to the wife’s untrue allegations. We therefore decline to disturb the trial court’s assessment of $22,500 in fees and costs against the wife as a sanction for her vexatious conduct.

Conclusion

We reverse the award of fees and costs in favor of the husband pertaining to the wife’s denial of the requests for admission, but we find no reversible error or abuse of discretion with respect to any other issue raised by the wife.
TAYLOR, CONNER and KLINGENSMITH, JJ., concur.

. The appeal of the Amended Final Judgment of dissolution is addressed in case number 4D10-3051.

. We note that even where an appellate court reverses a final judgment of dissolution, the judgment is still final insofar as the marital status of the parties is concerned. Cf. Galbut v. Garfinkl, 340 So.2d 470, 473 (Fla.1976) ("We find that the partial judgment of dissolution is final insofar as the marital status of the parties is concerned although it must be reversed on grounds hereinabove stated.”).