HERNDON, L.D., Associate Judge.
Michelle Niazi (“Former Wife”) appeals the trial court’s Final Judgment of Dissolution of Marriage from Wasim - Niazi (“Former Husband”) and Supplemental Final Judgment Awarding Attorney’s Fees and Costs. Former Wife raises eleven issues in this appeal. The primary issue is the validity of the parties’ prenuptial agreement. The trial court determined that the agreement was valid. We affirm this determination • and all. other • issues save one:
*366 Former Husband borrowed $50,000 against the line of credit on the marital home in July 2011 to pay federal income tax owed pursuant to a joint tax return filed by the parties. The prenuptial agreement provided that if “the parties shall determine to file a joint federal income tax return ..., each party shall pay, from his or her separate property, his or her pro rata share of any tax due.” It is undisputed that Former Husband’s pro rata share was the entire $50,000. Therefore, we find that the trial court erred in assessing this liability equally between the parties rather than solely against Former Husband.
Additionally, Former Wife filed a Motion for Appellate Attorney’s Fees. The attorney’s fees provision in the prenuptial agreement states:
In any proceeding for dissolution of marriage, divorce or annulment of the marriage, each party shall be solely obligated to pay their own attorney’s fees concerning any litigation regarding the validity or enforceability of this Agreement. Neither party hereto shall have any legal liability for attorney’s fees, including pendente lite, suit monies, or costs incurred in seeking to void, have declared voidable or to set aside terms of the Agreement. All claims for said fees and costs are hereby waived.
The parties agree, however, that the Future Husband shall make contribution to the Future Wife for any reasonable attorney’s fees or costs she might incur in litigating the issue of child custody. Future Husband’s obligation for Future Wife’s attorney’s fees shall be limited solely to those fees necessarily incurred regarding the sole issue of child custody in a sum no greater than the Future Husband’s expenditures for attorney’s fees and costs to litigate the issue of child custody. It is the express intent of the parties that both parties have an equal financial ability to expend monies for attorney’s fees and costs reasonably incurred in a custody dispute before the Courts.
A contractual limitation to attorney’s fees in a prenuptial agreement is enforceable in an award of appellate attorney’s fees. Hahamovitch v. Hahamovitch, 133 So.3d 1020, 1023 (Fla. 4th DCA 2014); Johnson v. Johnson, 946 So.2d 1132, 1132 (Fla. 1st DCA 2006). Therefore, Former Wife is entitled to a proportionate amount of appellate attorney’s fees related to litigation of the child custody issue, which shall be determined upon remand by the trial court.
AFFIRMED, in part; REVERSED, in part; REMANDED.
EVANDER and WALLIS, JJ., concur.